**In the Matter of TERRAMAR MINING CORPORATION, Debtor.**

**Bankruptcy No. 86–1143.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 29, 1987.

See also, Bkrtcy., 70 B.R. 875.

George T. Hadley, trustee.

Jary C. Nixon, Tampa, Fla., for trustee.

John D. Emmanuel, Tampa, Fla., for movant.

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALTERNATIVE MOTION FOR ADEQUATE PROTECTION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Relief from Automatic Stay and Alternative Motion for Adequate Protection filed by McCullagh Leasing Corporation (MLC), Lessor in the above-captioned case. The Court has considered the Motion, together with the record, heard arguments of counsel, and now finds and concludes as follows:

MLC leased several vehicles to C.M. Systems, Inc., a Chapter 11 Debtor in Case # 86–1643. Thereafter, C.M. Systems, Inc. subleased several of the leased vehicles from MLC to Terramar Mining Corporation (Debtor), the Debtor in the above-captioned Chapter 11 case. MLC seeks relief from the automatic stay as to the following vehicles:

| | Unit No. | Description | I.D. No. |
|---|---|---|---|
| 1. | 85–624284 | 1985 Action Office Trailer | 1413075 |
| 2. | 85–624586 | 1985 International Harvester Truck | 27588 |
| 3. | 85–624578 | 1985 International Harvester Truck | 25825 |
| 4. | 85–624250 | 1985 Ford Bronco | 48653 |
| 5. | 84–588527 | 1984 Ford Bronco II | 90421 |
| 6. | 84–588403 | 1984 Ford F 350 Truck | 2096 |
| 7. | 86–61548 | 1986 Ford F 250 Truck | 72664 |
| 8. | 85–624628 | 1985 Ford F 250 Truck | 40266 |
| 9. | 83–099622 | 1983 Ford F 250 Truck | 6141 |
| 10. | 83–099654 | Mayco Concrete Pump | 30508 |
| 11. | 85–624349 | 1985 Volvo 745 Station Wagon | 004912 |
| 12. | 84–588349 | 1984 Ford F 350 Truck | 26157 |
| 13. | 84–588756 | 1983 Dixie Trailer | 0833822739 |
| 14. | 85–624322 | 1985 Action Model 820 Construction Trailer | 1713375 |

The vehicles identified as # 1–9 on the list are in the possession of the Debtor; however, the vehicles identified as # 10–14 have not been located on the premises of either C.M. Systems, Inc. or the Debtor, but MLC believes that said items may be in the possession of the Debtor.

■MLC previously filed in the C.M. Systems, Inc. case on November 18, 1986, a Motion for Relief from Automatic Stay. An Order was entered by this Court on December 10, 1986, which granted the Motion and provided that the Trustee could assume the executory leases, provided the Trustee promptly cured all defaults within two weeks of November 26, 1986. The Trustee did not assume the executory leases within the two-week time period, therefore, the leases were deemed to have been rejected as a matter of law. It is undisputed that no privity exists between MLC and this Debtor concerning the vehicles involved in this controversy and which are currently in the Trustee's possession.

At the conclusion of the December 30, 1986 hearing, counsel for the Trustee requested leave to file a memorandum of law on two issues:

(1) What is the legal right of the Debtor, sublessee, in a chattel lease to use the chattel(s) when the primary lease between the lessor, MLC, and the lessee, C.M. systems, Inc., has been rejected as a matter of law; and

(2) Whether a Debtor is in possession of chattels without any legal right to same or any ownership interest therein on the petition date creates a property interest of the estate under § 541 of the Bankruptcy Code which the Debtor may use pursuant to § 363 provided adequate protection payments are made.

■ It is axiomatic that a sublessee can have no greater rights than those enjoyed by the lessee. 34 *Fla.Jur.2d* § 94, at 255 (1982); *see Dunn v. Barton*, 16 Fla. 765 (Fla.). The original lessee under the lease, C.M. Systems, Inc., lost all interest in the vehicles as the leases have been rejected as a matter of law due to its failure to assume the leases within the time fixed by the Order of the Court. From this it follows that the Debtor, who claims to be a sublessee of the vehicles from C.M. Systems, equally lacks any interest in the vehicles involved in this controversy.

■ The Trustee concedes, as it must, that it does not own the vehicles, that it never had and does not have at this time any leasehold interest but contends that its possession of the vehicles at the time of the commencement of this Chapter 11 case represents an interest sufficient which would render these vehicles to be the "properties of the estate" within the meaning of § 541 of the Bankruptcy Code and therefore, the Trustee should be authorized to use these vehicles pursuant to § 363 of the Bankruptcy Code provided the Trustee furnishes to the owner of the vehicles adequate protection. In addition, the Trustee contends that the vehicles in question are clearly protected by § 362(a)(3) of the Bankruptcy Code, which provides:

Any act to obtain possession of property of the estate *or of property from the estate* or to exercise control over property of the estate; (emphasis added).

Obviously, the initial inquiry must commence with the examination of the Trustee's interest in the subject vehicles, more precisely, whether or not are the vehicles "properties of the estate." This is so because if they are not, the automatic stay does not apply and the Trustee is not entitled to use the vehicles in question. The Trustee correctly maintains that the definition of "property" in § 541 of the Bankruptcy Code is very broad. It includes any and all interest, legal or equitable, which the estate has on the date of the commencement of a case. In support of its contention that the mere bare possession of the vehicles is sufficient interest to be protected and which the Trustee can use, the Trustee relies on the following cases, all of which dealt with defaulted real property leases. *In re Gibbs*, 9 B.R. 758, 4 C.B.C.2d 161 (Bankr.D.Conn.1981); *In re Mimi's of Atlanta*, 5 B.R. 623, 2 C.B.C.2d 805 (Bankr. N.D.Ga.1980); *In re GSVC Restaurant*

*Corp.*, 3 B.R. 491, 1 C.B.C.2d 727 (Bankr.S. D.N.Y.1980). While it is true that some courts have stated that a Debtor's bare possession is technically an equitable interest of the Debtor, and therefore, property of the estate; however, no court has allowed the Debtor to retain and use such property in those circumstances. *See Mimi's* and *GSVC, supra.*

The argument advanced by the Trustee completely misses the point. While these cases correctly state the applicable law, the holdings of these cases are inapposite to the facts involved in this particular matter. This is so because in the cases cited, the Debtor had initially a cognizable interest, albeit, lost later. For this reason the Courts permitted the Debtor as holdover tenants to remain in possession of the premises for a limited period. In the present situation, this particular Debtor never had any cognizable interest in the subject vehicles. For this reason, the cases cited by the Trustee furnish no support for the Trustee's position.

Next, there is hardly any question that an entity which has no legal or equitable interest in the property and has nothing more but a bare possession has no interest which qualified to be the "properties of the estate." The Courts having considered this question concluded that where the Debtor had nothing but a bare possession without any legal or equitable rights in the property involved, the owners of the property were entitled to the relief from the automatic stay in order to proceed to enforce their rights against the chattels involved. *See In re Alexandria Investments, Inc.*, 38 B.R. 781 (Bankr.D.Md.1984); *In re Pagoda International, Inc.*, 26 B.R. 18 (Bankr.D. Md.1982); *In re Acorn Investments*, 8 B.R. 506 (Bankr.S.D.Cal.1981).

Based on the foregoing, this Court is satisfied that the Debtor and in turn the Trustee has no cognizable legal equitable interest in the subject properties, the vehicles are not property of the estate, that therefore, they are not protected by the automatic stay and the Trustee is not enti-tled to use them even if the Trustee offers or furnishes adequate protection.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Relief from Automatic Stay and Alternative Motion for Adequate Protection be, and the same is hereby, granted and MLC is permitted to pursue its state court remedies in order to recover the vehicles involved in this controversy.