In the Matter of TERRAMAR MINING CORPORATION, Debtor(s).

Bankruptcy No. 86–1143.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 5, 1987.

See also, Bkrtcy., 70 B.R. 35.

Jary Nixon, Tampa, Fla., for George Hadley.

J. Stanford Lifsey, Tampa, Fla., for debtor.

George Hadley, Tampa, Fla., trustee.

ORDER ON EMERGENCY MOTION TO SET SALE DATE AND MOTION TO REINSTATE THE AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matters under consideration are two motions;

one filed by Newbern Groves, Inc. (Newbern); and the second by George T. Hadley, the Trustee (Trustee), who is currently in charge of the affairs of Terramar Mining Corporation (Terramar), the Debtor of the above-captioned case. The motion of Newbern seeks authority from this Court to schedule a sale date in a pending foreclosure action. The flip side of the same coin is the Trustee's motion which seeks "to reinstate the automatic stay." In order to put these matters into proper focus, a brief recitation of the pertinent facts as appear from the record should be helpful.

Terramar is a Chapter 11 Debtor who is the owner of a mining facility on which Newbern holds a second mortgage. On June 23, 1986, Newbern filed a motion and sought adequate protection or, in the alternative, relief from the automatic stay. On July 14, 1986, Terramar filed a response to Newbern's motion. On July 25, 1986, the hearing on the Motion for Relief from Stay was continued and the automatic stay was extended. The hearing was not held on the scheduled date because Newbern filed a motion and sought a continuance, which motion was granted, and the final evidentiary hearing was rescheduled again. In the interim, there were orders entered on adequate protection. On October 10, 1986, at the conclusion of the evidentiary hearing, this Court entered an order which provided inter alia that Newbern's Motion to Lift the Automatic Stay was granted but only to a limited extent, and while Newbern was authorized to commence a foreclosure action in a court of proper jurisdiction, Newbern was not authorized to proceed any further than to obtain a summary judgment if it was able to do so. Newbern was not authorized to schedule a foreclosure sale without any further order of this Court.

In the interim, the Trustee filed a Motion to Reinstate the Automatic Stay. This Motion was scheduled to be considered by this Court on December 17, 1986. Pursuant to the October 10 order, Newbern did commence a foreclosure action. In early December, Newbern requested and obtained a hearing date to consider its Motion for Summary Judgment in the state court; however, counsel for Newbern failed to appear at the scheduled time and requested a rescheduling, which was granted. The hearing on the Motion for Summary Judgment was reset for a week later. However, in the interim, this Court had already scheduled the Trustee's Motion to Reinstate the Automatic Stay. On December 17, the date of the hearing, counsel for Newbern filed a motion to continue the hearing. This motion was granted with the proviso that Newbern and its attorneys and agents shall not take any further steps in the state court foreclosure action after December 17, at which time this Court would consider the Trustee's Motion to Reinstate the Automatic Stay. This Motion was approved and the ruling was conveyed from the bench to counsel on December 17, 1986, although the written order was not entered until January 29, 1987. 70 B.R. 35 (Bkrtcy. M.D.Fla.1987).

Notwithstanding this express prohibition, counsel for Newbern proceeded in the state court and concluded the hearing on its motion and obtained a final summary judgment, in violation of the bench ruling and the subsequent written order of this Court. It is without dispute that counsel for Newbern, J. Stanford Lifsey, was very well aware that he was not permitted to proceed any further in the foreclosure action until this Court has a chance to rule on the Trustee's motion and, in fact, Mr. Lifsey stated that he had proceeded with the state court hearing because he thought this Court was wrong in prohibiting any further steps in the state court.

The current motion, as noted earlier, seeks a modification of the automatic stay to the extent of permitting Newbern to schedule a foreclosure sale date. In order to rule on Newbern's motion, of course, it is necessary to consider the nature of the order entered by this Court which modified the automatic stay and also, of course, the Trustee's right to obtain the relief he seeks in his Motion to Reinstate the Automatic Stay.

■ Considering the Trustee's motion first, this Court is satisfied there is no statutory authority whatsoever in the Bankruptcy Code to reinstate an automatic stay once the stay has been lifted. This, however, does not mean the Court may not, on properly filed complaint for injunctive relief pursuant to § 105 of the Bankruptcy Code, grant injunctive relief in an extraordinary situation, and prohibit the party who originally obtained relief under the motion for relief from stay to proceed any further with the action to enforce a lien against property of the estate. There is no such complaint pending before this court at this time, and for this reason the Trustee's motion as filed cannot be granted. This does not mean, however, that Newbern is permitted to proceed and complete the foreclosure action for the following reasons:

■ The stay by the order of October 10 was only modified to a limited extent to permit Newbern to commence a foreclosure action, and this Court expressly retained jurisdiction to consider whether or not Newbern shall be permitted to proceed to complete the foreclosure action without leave from this Court. Thus, the automatic stay is still in force and prohibits any further steps in the foreclosure action unless the October 10 order is modified.

■ This leads to the consideration of Newbern's motion in which it seeks a modification of the October 10 order in order to be authorized to proceed to sale to conclude its foreclosure action. In opposition to this motion, the Trustee intimated, albeit presented no evidence, that the property represented a substantial equity and the Trustee should be granted an opportunity to salvage this claimed equity for the benefit of the general estate. While ordinarily this Court would be constrained to reject the proposition urged by the Trustee due to the lack of competent evidence, this case presents a special situation in which the motion of Newbern should not be granted. As noted earlier, counsel knowingly and willfully violated an order of this Court entered on January 29. This totally unacceptable conduct was sought to be justified on the basis that he was of the opinion that the ruling of December 17 was wrong. It needs no elaborate discussion to point out the proper remedy to correct an alleged wrong is a Motion for Rehearing, and that until the Motion is ruled upon and granted, the order to which the motion is addressed is still a valid order of this Court. The unilateral disregard of an order has never been and never will be acceptable practice in this Court. For these reasons, this Court is satisfied that Newbern's motion cannot be granted.

Inasmuch as counsel for Newbern knowingly and willfully violated the order of this Court entered on January 29, memorializing the ruling entered on December 17, this Court is satisfied that the Trustee should be granted the relief he seeks at this time and be given a very short but reasonable opportunity to undertake the steps necessary to salvage the alleged equity in the property of the estate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion to Reinstate the Automatic Stay be, and the same is hereby, denied, provided, however, that the original order on the Motion to Lift the Automatic Stay shall still remain in force and effect and Newbern is prohibited from proceeding to schedule a sale until further order of this Court. It is further

ORDERED, ADJUDGED AND DECREED that the Motion of Newbern to schedule a sale be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that J. Stanford Lifsey, Esq. be, and the same is hereby, ordered to appear before the undersigned on March 27, 1987 at 3:30 p.m., and show cause, if he has any, why appropriate sanctions should not be imposed for his willful and knowing violation of a lawful order of this Court.