**In re John P. HALE, Debtor.**

**Bankruptcy No. 90–00032–E.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

April 8, 1991.

Nancy E. Yenser, Gainesville, Fla., for S.E. Bank.

J. Michael Davis, Gainesville, Fla., for debtor.

## ORDER ON DEBTOR'S MOTION TO RECONSIDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on Debtor's estate's [1] motion for reconsideration of the Court's order granting Southeast Bank relief from stay. At the hearing on Southeast Bank's motion for relief from stay, we found that the estate had no equity in the property and that it had not shown that the property was necessary for an effective reorganization. Consequently, we granted Southeast's motion. In the estate's motion for reconsideration it asserts that the subject real property is necessary for the reorganization because the estate's mobile home sales business is located on the property and it would be too burdensome to move the business. Having considered the estate's motion and for the reasons set forth below, we find that the estate's motion for reconsideration must be denied.

Upon the filing of a petition for bankruptcy, Bankruptcy Code § 362(a) operates as a stay of virtually all legal proceedings against the debtor or his property. Pursuant to § 362(d), a creditor can request that the Bankruptcy Court grant it relief from the stay so that it may proceed against the property of the estate. Section 362(d) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Subsection (e) further provides

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing.

11 U.S.C. § 362(e).

In accordance with § 362(e) this Court holds preliminary hearings on all motions for relief from stay. Local Rule 507 requires that prior to the preliminary hearing the movant file affidavits sufficient to demonstrate its entitlement to relief, including, where appropriate, (1) an affidavit

---

**1.** There is no debtor in this case due to the fact that the debtor died after the petition for relief was filed. The estate is being administered by co-trustees.

of indebtedness, (2) copies of documents to establish a perfected security status, (3) an appraisal or other evidence of value, and (4) an affidavit showing such additional facts as may be necessary to demonstrate the movant's right to relief from stay. The debtor is required to file a response accompanied by such appraisals and affidavits as may be necessary to demonstrate that movant is not entitled to relief from the stay. Preliminary hearings are conducted by telephone conference with the pleadings and affidavits as the only matters considered.

Prior to the preliminary hearing in this matter, Southeast complied with the local rule by providing a copy of the mortgage, the promissory note, the mortgage modification agreement, and a copy of this Court's prior order establishing the value of the collateral. Due to the fact that this Court had previously conducted a valuation hearing with respect to the collateral, the estate admitted in its response that it lacked any equity in the property. The response asserted, in essence, that the plan filed by the estate would pay the value of the collateral over a 15 year period at 11% interest. All that the response asserted with respect to the use of the property was that "[t]he estate intends to sell or rent the remaining home to help fund the plan and as such the remaining property is necessary to the confirmation of the Plan."

█ Once the movant has shown that there is no equity in the property the burden is on the estate to show that the property is necessary for an effective reorganization. See 11 U.S.C. § 362(g) and *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 376, 108 S.Ct. 626, 632–33, 98 L.Ed.2d 740, 751 (1988). The estate's response to the motion made no showing whatsoever that this property was necessary for, or how it would even contribute to a reorganization. Accordingly, we granted Southeast relief from the stay. The estate now asks that we reconsider that order.

Section 362(e) makes it clear that the stay will be lifted with respect to a moving creditor thirty days after the party moves for relief from the stay *unless* the court orders such stay continued in effect pending the conclusion of a final hearing and determination. The court shall order such stay continued in effect pending the conclusion of the final hearing *only if* it finds that there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such hearing. At the preliminary hearing in this case, the estate failed to make any showing that it had a reasonable likelihood of prevailing at the final hearing. Since the estate failed to make such a showing we could not, nor did we, continue the stay in effect pending the conclusion of a final hearing. Southeast requested relief on February 25, 1991, therefore, without an order continuing it, the stay would have automatically terminated as to Southeast on March 27, 1991.

█ There is nothing in the Code authorizing a bankruptcy court to reimpose the stay once it has been lifted as to a certain creditor. *Matter of Terramar Mining Corp.,* 70 B.R. 875 (Bkrtcy.M.D.Fla.1987). Without such authority, it would be futile to now reconsider the order granting relief from the stay since, notwithstanding this Court's granting of Southeast's motion, the stay as to Southeast has automatically terminated by operation of law upon the expiration of the thirty days from the filing of the motion. Accordingly, it is

ORDERED AND ADJUDGED that the estate's motion to reconsider the order granting Southeast Bank relief from the stay is denied.

DONE AND ORDERED.