## TENNESSEE STUDENT ASSISTANT CORP.

v.

## Dallas R. CHEESMAN and Margaret J. Cheesman.

No. 2:92–0037.

United States District Court,
M.D. Tennessee,
Northeastern Division.

Jan. 12, 1993.

Tom Beesley, Crossville, TN, for plaintiff.

William E. Young, Asst. Atty. Gen., Nashville, TN, for defendants.

## MEMORANDUM

MORTON, Senior District Judge.

In this bankruptcy appeal, the court has conducted *de novo* review of all questions of law passed on by the bankruptcy judge. This court will affirm the bankruptcy court's ruling in this matter.

The record indicates that the defendants here, Dallas and Margaret Cheesman, filed a chapter 7 petition on 2 August 1991. They filed an adversary proceeding to determine whether the court should discharge their student loans under 11 U.S.C. § 523(a)(8)(B), the undue hardship provision. After a hearing, the bankruptcy court entered an order which stated in part:

> The Court announced its findings of fact and conclusions of law in open Court, and found that excepting the educational debt from discharge would cause undue hardship for the plaintiffs at this time. The Court also found that, because of the potential for employment and future improvement in the plaintiffs' financial situation, the matter should be placed on the docket and called up for further review in eighteen months.

IT IS THEREFORE ORDERED AND DECREED THAT:

> 1. Excepting the plaintiffs [sic] debt to the defendant would cause undue hardship for the plaintiffs at this time;
> 2. The Court will review the plaintiffs' financial position in eighteen months to determine whether the undue hardship remains; and
> 3. The defendant will make no collection efforts until after the Court has reviewed the plaintiffs' financial position.

The question this court must address is whether the bankruptcy court has the authority to issue this order, which this court construes as a stay. Congress constituted the bankruptcy courts under its substantive authority over bankruptcies; they are not Article III courts. Therefore, their authority must be derived by statute and by the inherent equitable powers they require in order to function as federal courts.

Bankruptcy courts have no specific statutory authority to reinstate a stay or order a

new stay, but 11 U.S.C. § 105(a) states in general terms the broad outline of the power of bankruptcy courts:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title...." There is a very serious question as to whether the statute grants the bankruptcy judge discretion to stay the final question of dischargeability of these debts to a later date. The restrictive view is that there is no such discretion; the expansive view is that there is. Several bankruptcy judges have adopted the expansive view.[1] Although this court might have made a different determination as to dischargeability of these particular student loans, in view of Congress' concern about their collection, the court is persuaded to accept the expansive view and affirm the exercise of the bankruptcy judge's discretion.

This appeal will be dismissed.

---

1.  *E.g. River Hills Assocs. v. River Hills Apartments Fund,* 813 F.2d 702, 707 (5th Cir.1987) (dicta) (court retains authority to enjoin action against property of the estate); *In re Terramar Mining Corp.,* 70 B.R. 875, 877 (Bankr.M.D.Fla. 1987) (Court may not reinstate automatic stay, but new stay can be granted under broad equitable powers).  *See generally* Leal, *The Power of the Bankruptcy Court: Section 105,* 29 South Texas L.Rev. 487, 519–524 (1988).