In re Lavell STACY, Debtor.

STACY FUEL AND SALES, INC., Appellant,

v.

IRA PHILLIPS, INC., Appellee.

STACY FUEL & SUPPLY, INC., Appellant,

v.

Lavell STACY, Appellee.

Civ. A. No. 94–AR–0238–E. Bankruptcy No. 93–41146.

United States District Court, N.D. Alabama, Eastern Division.

April 19, 1994.

Harry P. Long, Anniston, AL, for Stacy Fuel and Sales, Inc.

Charles D. Martin, McCord & Martin, Gadsden, AL, for Lavell Stacy.

Jack W. Torbert, Torbert & Torbert, Gadsden, AL, for Ira Phillips, Inc.

## MEMORANDUM OPINION

ACKER, District Judge.

### Procedural History

On May 13, 1993, Lavell Stacy filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama. Appellee, Ira Phillips, Inc., which held a mortgage on real estate owned by the debtor, on May 19, 1993, filed a motion for relief from the automatic stay, seeking permission to foreclose on Stacy's property. Stacy Fuel and Sales, Inc. held a second mortgage on the said property. In its motion for relief from the automatic stay, Ira Phillips, Inc. claimed that it was not adequately protected, that debtor had no equity in the property and that debtor had no reasonable expectation of effecting a successful reorganization. After debtor was served with a copy of the motion, he filed an objection on May 25, 1993. On June 16, 1993, the bankruptcy court conducted a hearing and entered the following order:

> [I]t is ORDERED by the Court that the automatic stay is modified such that the debtor is obligated to pay the movant $500.00 per month beginning on June 21, 1993, and the 21st day of each month thereafter, and further provided that the stay lifts as of October 15, 1993, and further provided that the movant is authorized to initiate foreclosure proceedings so long as a sale is not scheduled prior to October 15, 1993, and further provided that the holder of the second mortgage does not initiate foreclosure and proceeds to foreclosure sales prior thereto.

Following the said hearing the court determined that five hundred dollars per month was not enough to provide adequate protection to Ira Phillips, Inc. and ordered debtor to pay Ira Phillips, Inc. the sum of $988.11 per month. However, the court did not modify its order as to the lifting of the stay.

On September 9, 1993, the bankruptcy administrator filed a motion to convert the case to Chapter 7. On October 12, 1993, Stacy Fuel and Sales, Inc. filed a motion entitled, "Motion to Reinstate Stay or in the Alternative Stay Foreclosure." On October 12, 1993, Stacy Fuel and Sales, Inc. filed its own motion requesting that the case be converted from Chapter 11 to Chapter 7. On October 19, 1993, a notice and opportunity for hearing was issued on the motion to convert filed by the bankruptcy administrator. On November 5, 1993, the bankruptcy court struck Stacy Fuel and Sales' motion to reinstate or to stay foreclosure.

On November 17, 1993, the bankruptcy court conducted a hearing on the bankruptcy administrator's motion to convert from Chapter 11 to Chapter 7. Stacy Fuel and Sales, Inc. and Stacy Fuel and Supply, Inc. were represented by counsel at the hearing, although there apparently was a great deal of confusion as between the attorney and his two corporate clients. At the hearing, the bankruptcy administrator suggested that the case be dismissed entirely rather than converted, pointing out that Ira Phillips, Inc. had foreclosed on the primary asset of the estate. Debtor had no objection to the proposed dismissal. Counsel for Stacy Fuel and Sales, Inc. and Stacy Fuel and Supply, Inc. stated that he was uncertain how to proceed because his clients had failed to consult with him. Because no objections were interposed, the bankruptcy court announced that the case would be dismissed. Although the order of dismissal is not included in the record on appeal, it can be deduced that the bankruptcy court dismissed the Chapter 11 case on or about November 24, 1993. On December 2, 1993 Stacy Fuel & Sales, Inc. filed a notice appealing the bankruptcy court's dismissal of the Chapter 11 case.

### Conclusions of Law

This court currently has for consideration the purported appeals of two of Stacy's creditors: Stacy Fuel & Supply, Inc. and Stacy Fuel and Sales, Inc. Ira Phillips, Inc., as appellee, filed a brief in defense of the appeal entitled Stacy Fuel and Sales, Inc. v. Ira Phillips, Inc., but no brief was filed in response to the appeal by Stacy Fuel & Supply, Inc. If this court has jurisdiction of either appeal, it is pursuant to 28 U.S.C. Section 158(a), which provides in pertinent part:

The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered under section 157 of this title.

Under Rule 8013, F.R. Bankr.P., this court applies a "clearly erroneous" standard for reviewing the bankruptcy court's factual findings:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

However, this court's review of the bankruptcy court's legal determinations is *de novo*. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307 (5th Cir.1985).

Initially, this court notes the confusing transposition of party names. Stacy Fuel and Sales, Inc. and Stacy Fuel & Supply, Inc. both filed a designation of issues on appeal; however, these filings were obviously incorrectly captioned because each party argues issues on appeal designated by the other party. This confusion may not have prejudiced any party except this court. This court notes that this transposition has occurred in other places throughout the record and constitutes sloppy appellate practice, perhaps not so sloppy as to call for dismissal. The court will address separately what it believes to be the contentions of each appellant.

### APPEAL OF STACY FUEL AND SALES, INC.

The issues attempted to be presented by Stacy Fuel and Sales, Inc., on appeal revolve around two central events: (1) the bankruptcy court's June 24, 1993 order modifying the automatic stay; and (2) the bankruptcy court's November 5, 1993 striking of Stacy Fuel and Sales' Motion to Reinstate Stay or in the Alternative to Stay Foreclosure.

### 1. *Order of Bankruptcy Court Entered on June 24, 1993*

Stacy Fuel and Sales, Inc. first argues that the bankruptcy court erred in granting relief from the stay. In response, Ira Phillips, Inc. contends that any issues on appeal relating to the June 24, 1993 order modifying the automatic stay are untimely under Rule 8002(a), F.R.Bankr.P., which provides in pertinent part:

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

In considering the merits of Ira Phillips, Inc.'s argument regarding untimeliness, this court must first determine whether the June 24, 1993 order was a final order within the meaning of 28 U.S.C. § 158(a), which confers jurisdiction on this court "to hear appeals from final judgments, orders, and decrees." In 1985, the Eleventh Circuit provided the following guideline for assessing finality (appealability) in the context of bankruptcy cases:

> In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation.... Although courts "take a more liberal view of what constitutes a separate dispute for purposes of appeal" in bankruptcy cases, ... the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do.

*In re Charter Co.*, 778 F.2d 617, 621 (11th Cir.1985). In 1982 the Eleventh Circuit held that a district court remand of a case to the bankruptcy court for an accounting, and then for a lifting of the stay if the debtor was unable to provide adequate security, was not a final order. *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899 (11th Cir.1982). In making the determination that the order was not final, the Eleventh Circuit said:

> The order does not lift the stay, but rather directs the bankruptcy judge to account for expenditures, determine what is sufficient for adequate protection, and then order cash payments. Until the bankruptcy court orders that the stay be lifted upon

the debtor's failure to make those cash payments, the appellees are not irreparably injured and this case is not within the purview of the *Forgay–Conrad* rule.

*Regency Woods,* 686 F.2d at 902. In *1989* the Eleventh Circuit discussed the appealability of a district court order lifting an automatic stay. It said:

> Under 28 U.S.C.A. § 158(d), the federal appellate courts have jurisdiction in bankruptcy cases over "appeals from all final decisions, judgments, orders, and decrees" of the district courts. A district court order affirming or reversing the bankruptcy judge's grant or denial of relief from an automatic stay consistently has been held by the courts to be a final decision reviewable on appeal.

*In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1026 (11th Cir.1989) (citations omitted). Although the court in *Regency Woods* and in *Dixie Broadcasting* was discussing its own jurisdiction, both opinions strongly suggest that a lifting of the automatic stay constitutes a final appealable order, making the instant June 24 order immediately appealable. This court is also persuaded that under the language of *In re Charter,* the June 24 order was final and appealable. In the June 24 order, the bankruptcy court increased the amount debtor was to pay his creditor in order to assure adequate protection and also lifted the stay as of October 15, 1993. The order of October 15 lifting the automatic stay required no further action by the bankruptcy court and ended the dispute as between debtor and Ira Phillips, Inc.; therefore, the order constituted a final order within the contemplation of *In re Charter.* Because this court finds the June 24 order to have been a final order as that term is understood in 28 U.S.C. § 158(a), Stacy Fuel and Sales, Inc. was required to appeal that decision within ten (10) days under Rule 8002, F.R.Bankr.P. Therefore, any substantive issues raised by Stacy Fuel and Sales, Inc. in its November 15, 1993 notice of appeal, and which relate to the June 24, 1993 order, are not timely, and this court is without jurisdiction to review them.

### 2. *Due Process*

■ Stacy Fuel and Sales, Inc. also argues on appeal that it was denied due process when the bankruptcy court entered its June 24 order absent notice to Stacy Fuel and Sales, Inc. Said appellant argues that under Bankruptcy Rules 4001 and 9014 it was entitled to such notice. Ira Phillips, Inc. contends, to the contrary, that Stacy Fuel and Sales, Inc. was not a party entitled to such notice. This court need not reach the merits of this controversy.

Stacy Fuel and Sales, Inc. did not timely appeal the June 24 order and did not ask the bankruptcy court to reconsider that order based on the alleged lack of proper notice. Even if appellant was unaware of the June 13 hearing and the June 24 order, a question which Ira Phillips, Inc. strongly contests, the corporation could nonetheless have filed a motion for relief from judgment under Rule 9024, F.R.Bankr.P., which incorporates Rule 60 of the Federal Rules of Civil Procedure. If a motion asking the bankruptcy court to reinstate the stay had cited as grounds for reconsideration Ira Phillips, Inc.'s failure to properly serve Stacy Fuel and Sales, Inc., this court might be willing to construe that motion as a Rule 9024 motion. However, appellant never argued to the bankruptcy court that the June 24 order should be overturned on "due process" grounds; rather, appellant sought review of the June 24 order on its merits. Appellant raises the issue of "due process" for the first time at the appellate level. The record is insufficient for this court to address the "due process" issue on appeal. However, even if this court were presented with a record upon which it could decide this issue, appellant must overcome the presumption that a court acting as an appellate court will not address issues raised for the first time on appeal.

■ The Eleventh Circuit has consistently refused to address issues which were not presented to the lower court:

> This circuit and the former Fifth Circuit have consistently held that a court will not consider issues raised for the first time on appeal.

*Troxler v. Owens–Illinois, Inc.,* 717 F.2d 530, 533 (11th Cir.1983).

Except for questions concerning the power of the court to order relief, an appellate court generally will not consider a legal issue or theory unless it was presented to the trial court.

*Dean Witter Reynolds, Inc. v. Fernandez,* 741 F.2d 355, 360 (11th Cir.1984). The court in *Dean Witter Reynolds* enunciated five exceptions to the general rule that issues not presented at the trial court level will not be reviewed at the appellate level:

> First, an appellate court will "consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the rule does not bar consideration by the appellate court in the first instance "where the interest of substantial justice is at stake." Fourth, "a federal appellate court is justified in resolving an issue not passed on below ... where the proper resolution is beyond any doubt." Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

*Dean Witter Reynolds,* 741 F.2d at 360–61. Appellant in this case does not present a single one of the above exceptions. Absent compelling circumstances, this court will not address an issue which appellant has failed to raise in the lower court.

### 3. *Striking of Motion to Reinstate or to Stay Foreclosure*

The court now turns to Stacy Fuel and Sales, Inc.'s argument that the bankruptcy court was clearly erroneous in striking the motion to reinstate the stay or in the alternative to stay foreclosure. The bankruptcy court conducted a hearing on Stacy Fuel and Sales' said motion on October 27, 1993. At that hearing, counsel for Stacy Fuel and Sales, Inc. conceded that it had failed to file a timely notice of appeal or a motion to reconsider. The court then made the following oral findings:

> [T]he Court finds that the moot motion and the relief that you're requesting is to order the movant in the prior motion for relief not to proceed to foreclosure. And that being the relief that you're requesting, the Court determines that that is asking for an adversary—that that is asking for injunctive relief which requires an adversary proceeding under the Federal Rules of Procedure.
>
> You cannot accomplish the result you're seeking by filing a motion to reinstate a stay. There is no provision under the Bankruptcy Code to reinstate a stay if the stay is not there as a result of the provisions of the United States Bankruptcy Code as the—as the motion is not brought before the Court in a procedure that the Court can grant the relief requested.
>
> .  .  .  .  .
>
> And as there's been no motion to alter or amend the prior order, and there's been no appeal of that order, the relief that you're requesting in this motion cannot be granted. As in the present status of the proceedings it would require an adversary proceeding seeking injunctive relief. So this motion to reinstate the stay is stricken as not being in accordance with the Federal Rules of Bankruptcy Procedure.

[R. 24 at 10, 11, 13, 14.] Stacy Fuels and Sales, Inc. contends that the bankruptcy court erred in striking its motion on the basis that it was improperly filed as a contested matter in contrast to being instituted as an adversary proceeding.

The Federal Rules of Bankruptcy Procedure distinguish between the procedures necessary to contest a matter as opposed to the procedure required for an adversary proceeding. Rule 9014 states: "In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion." The institution of an adversary proceeding requires the filing of a complaint and service on the target party. Rule 4001 now provides that a motion for relief from an automatic stay shall be in accordance with Rule 9014. The matters which must be presented as adversary proceedings are enumerated in Rule 7001, Part (7) of which requires that "actions to obtain

**248**

an injunction or other equitable relief" be brought as adversary proceedings.

The bankruptcy court here determined that the relief sought was injunctive which must proceed under Rule 7001, F.R.Bankr.P. Stacy Fuel and Sales, Inc. argues that its motion to reinstate the stay or, in the alternative, to stay foreclosure is more appropriately characterized as a Rule 4001 motion, and therefore was properly filed as the motion provided for in Rule 9014.

■■■ Appellant correctly states that relief from the automatic stay can now be sought as a contested matter. The Advisory Committee Note to Rule 4001, F.R.Bankr.P., states: "This rule implements § 362 of the Code which sets forth provisions regarding the automatic stay that arises on the filing of a petition." Rule 4001 "transforms with respect to the automatic stay what was an adversary proceeding under the former rules to motion practice." 11 U.S.C. § 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Although relief from a stay is now a contested matter under Rule 4001, appellant's reliance on § 362(d), and hence on Rule 4001, is misplaced. § 362(d) relates only to the seeking of relief from the automatic stay, while Rule 4001 provides a means for implementing § 362(d). Neither provision provides a mechanism for reinstatement of the stay or for a stay of foreclosure.

Several courts have persuasively held that once the automatic stay has been lifted, the bankruptcy court is without authority to reimpose the stay. *See In re John P. Hale,* 128 B.R. 310, 312 (Bankr.N.D.Fla.1991); *In the Matter of Terramar Mining Corp.,* 70 B.R. 875, 877 (Bankr.M.D.Fla.1987); *Home Life Ins. Co. v. Abrams Square II, Ltd.,* 95 B.R. 51 (N.D.Tex.1988). However, as several courts have acknowledged, bankruptcy courts have equitable jurisdiction under the provisions of 11 U.S.C. § 105 to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Nonetheless, such a proceeding would be an attempt "to obtain an injunction or other equitable relief" under Rule 7001. In *In re Terramar Mining Corp.,* 70 B.R. 875 (Bankr.M.D.Fla.1987), that court said:

[T]his Court is satisfied there is no statutory authority whatsoever in the Bankruptcy Code to reinstate an automatic stay once the stay has been lifted. This, however, does not mean the Court may not, on properly filed complaint for injunctive relief pursuant to § 105 of the Bankruptcy Code, grant injunctive relief in an extraordinary situation, and prohibit the party who originally obtained relief under the motion for relief from stay to proceed any further with the action to enforce a lien against the property of the estate. There is no such complaint pending before this court at this time, and for this reason the Trustee's motion as filed cannot be granted.

■■ The bankruptcy court here was entirely correct in determining that the relief sought by Stacy Fuel and Sales, Inc. was injunctive in nature and hence controlled by Rule 7001. Courts have generally required strict compliance with the Federal Rules of Bankruptcy Procedure. *See In re Smith and Son Septic & Sanitation Service,* 88 B.R. 375 (Bankr.D. Utah 1988) (citing cases which have required strict compliance with the procedural requirements of the bankruptcy rules and which have required the filing of an adversary proceeding when the rules so demand.) This court is among those which believe that procedural rules are equally as important as substantive rules. They are both designed for the purpose of accomplishing justice.

Under the Federal Rules of Bankruptcy Procedure, the relief sought by Stacy Fuel and Sales, Inc. could not have been obtained by motion but rather necessitated the institution of an adversary proceeding. For this reason the bankruptcy court was correct in striking appellant's motion and is, therefore, due to be affirmed.

### APPEAL OF STACY FUEL & SUPPLY, INC.

 Stacy Fuel & Supply, Inc. seeks review of the bankruptcy court's November 24, 1993 order dismissing the bankruptcy case. As stated previously, this court was not provided a copy of that order, something an appellant is responsible for providing. However, the court was provided a transcript of the hearing that lead to the order of dismissal and has no reason to doubt that the dismissal occurred. Appellant concedes in its brief that it interposed no objection "to dismissal of the case when the matter was brought up by the Court at the hearing on conversion." Therefore, appellant acknowledges that it was represented at the hearing at which the bankruptcy court ordered dismissal of the case but that appellant stood by without objecting to the dismissal. Although appellant argues that its counsel failed to object only because he was unaware that dismissal would be discussed, the record reflects a confusion between appellant and its counsel that was not caused by the bankruptcy court. The bankruptcy court certainly provided appellant adequate opportunity to object to the dismissal. Counsel for appellant stated that he was uncertain as to how he should proceed only because appellant failed to consult with him on the subject.

As stated, appellate courts do not address issues as to which the appellant failed to object in the lower court. Appellant has not presented any arguments within any of the exceptions enunciated in *Dean Witter Reynolds*. Therefore, this court will not address whether the dismissal of the Chapter 11 proceeding was erroneous inasmuch as Stacy Fuel & Supply, Inc. did not object to the dismissal.

A separate, appropriate order will be entered.

### *ORDER*

The court currently has for consideration the purported appeals of two creditors, arising from the bankruptcy of Lavell Stacy. In accordance with the accompanying memorandum opinion, this court determines that it is without jurisdiction to consider the appeal of Stacy Fuel and Sales, Inc. from the bankruptcy court's order of June 24, 1993. Therefore, to the extent that the appeal of Stacy Fuel and Sales, Inc. attempts to obtain a review of the bankruptcy court's order of June 24, 1993, the appeal is DISMISSED. In all other respects, the judgment of the bankruptcy court is hereby AFFIRMED.