In re John H. GLEDHILL and Gloria K. Gledhill, Debtors,

**STATE BANK OF SOUTHERN UTAH, Plaintiff–Appellant,**

v.

**John H. GLEDHILL and Gloria K. Gledhill, Defendants–Appellees.**

No. 94–4241.

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1996.

Steven W. Call (Steven T. Waterman with him on the brief), of Ray, Quinney & Nebeker, Salt Lake City, Utah, for Appellant.

David E. Smoot (Michael N. Zundel with him on the brief), of Jardine, Linebaugh, Brown & Dunn, Salt Lake City, Utah, for Appellees.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

BALDOCK, Circuit Judge.

This appeal involves a complex procedural history. Plaintiff State Bank of Southern Utah ("State Bank") obtained a bankruptcy court order granting it relief from automatic stay to foreclose a judgment lien it held in property owned by Debtors John H. and Gloria K. Gledhill. Shortly before the foreclosure sale, the Chapter 7 Trustee filed, *inter alia,* a motion under Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b) requesting the bankruptcy court to vacate its earlier order granting State Bank relief from stay. The Trustee wanted the court to vacate its order lifting the stay so that the Trustee could liquidate the property for the benefit of all the creditors. State Bank vigorously opposed the motion, arguing that the Trustee's motion for relief from the order granting relief from the stay sought reimposition of the automatic stay, which amounted to a request for injunctive relief under Bankruptcy Rule 7001(7). Under Rule 7001(7), a proceeding "to obtain an injunction or other equitable relief" must be brought as an adversary proceeding. Because the Trustee sought relief by motion as a contested matter—and not by initiating an adversary proceeding by serving a summons and a complaint—State Bank argued that the bankruptcy court lacked jurisdiction to consider the Trustee's motion.

The bankruptcy court rejected State Bank's argument and determined that the plain language of Fed.R.Civ.P. 60(b), incorpo-

rated in bankruptcy proceedings by Rule 9024, authorized seeking Rule 60(b) relief by motion. Further, the court ruled that under Fed.R.Civ.P. 60(b)(6), the Trustee had demonstrated that changed circumstances justified vacating its earlier order lifting the stay. Consequently, the bankruptcy court vacated its order granting State Bank relief from stay, which effectively reimposed the automatic stay and prevented the foreclosure sale.

On appeal to the district court, State Bank raised the same arguments it asserted in the bankruptcy court. The district court affirmed. We have jurisdiction under 28 U.S.C. § 158(d). We affirm.

## I.

The facts of this case are undisputed. Debtors operated a business and tourist attraction in Sevier County, Utah known as the Big Rock Candy Mountain ("the property"). The property consists of a motel, a cafe and curio shop, a vacant building previously used as a rock shop, several small cabins, and undeveloped real property. In 1984, Debtors filed a voluntary petition for relief in the District of Nevada under Chapter 11 of the Bankruptcy Code. State Bank filed a proof of claim for a secured loan it held on Debtors' property. Following Debtors' Nevada bankruptcy filing, Debtors failed to make loan payments to State Bank under an amended plan of reorganization. State Bank filed a motion to dismiss the case under 11 U.S.C. § 1112. On February 10, 1992, the Nevada bankruptcy court granted State Bank's motion to dismiss the case.

After dismissal, State Bank obtained a judgment decree and order of foreclosure in Utah state court. The Utah state court conducted a judicial sale and sold a portion of the property. Because the judicial sale did not retire the full amount of State Bank's lien, the court entered a deficiency judgment in favor of State Bank and against Debtors. On August 26, 1992, the state court issued a writ of execution directing the sheriff to sell the remainder of the property to satisfy State Bank's deficiency judgment lien. The court scheduled the judicial sale for September 30, 1992.

On September 28, 1992, two days prior to the judicial sale, Debtors filed a second voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the District of Utah. The Utah bankruptcy filing triggered the automatic stay provision, thereby preventing State Bank from foreclosing its judgment lien. State Bank moved for relief from stay. The U.S. Trustee supported State Bank's motion. After an evidentiary hearing, the Utah bankruptcy court determined that Debtors had filed their second Chapter 11 bankruptcy petition in bad faith with the intent to forestall foreclosure. Consequently, the court ruled that State Bank had established "cause" for relief from stay under 11 U.S.C. § 362(d)(1), and entered a February 17, 1993 order granting State Bank relief from stay to foreclose its judgment lien on Debtors' property. State Bank again commenced execution of its deficiency judgment lien under state law, and incurred expenses surveying and apportioning the property. A foreclosure sale was scheduled for December 16, 1993.

The bankruptcy court converted the case from a Chapter 11 to a Chapter 7 on November 10, 1993, and appointed Kenneth A. Rushton the Chapter 7 Trustee on November 16, 1993. On December 9, 1993, seven days before the December 16, 1993 foreclosure sale, the Trustee filed two concurrent motions in the bankruptcy court that are the subject of this appeal. The Trustee filed a motion: (1) pursuant to Rule 9024 and Fed.R.Civ.P. 60(b) for relief from the order granting State Bank relief from the automatic stay ("Rule 60(b) motion"), and (2) to reimpose the automatic stay under 11 U.S.C. § 105(a) ("§ 105(a) motion").[1] Pursuant to an ex parte motion filed by the Trustee, the bankruptcy court scheduled the hearing for December 14, 1993. In compliance with the bankruptcy court's order, on December 9,

---

1. Section 105(a) provides:
 (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

1993, the Trustee hand delivered to State Bank's counsel the Trustee's motions, the bankruptcy court's order shortening the time for hearing on the Trustee's motions, and a notice of hearing. Prior to the hearing, State Bank filed an "Objection and Motion to Strike Trustee's Motion for Equitable Relief" ("motion to strike").

On December 14 and 15, 1993, the bankruptcy court conducted an evidentiary hearing on the Trustee's Rule 60(b) and § 105(a) motions. State Bank raised its motion to strike and argued that the Trustee's motions sought reimposition of the automatic stay, which amounted to a request for injunctive relief under Rule 7001(7). Because the Trustee sought relief by motion as a contested matter—and not by initiating an adversary proceeding by serving a summons and a complaint—State Bank argued that the bankruptcy court lacked jurisdiction to consider the motions.

The bankruptcy court rejected State Bank's argument and determined that the plain language of Fed.R.Civ.P. 60(b), incorporated in bankruptcy proceedings by Rule 9024, authorized Rule 60(b) relief by motion. Thus, the bankruptcy court denied State Bank's motion to strike and ruled that the Trustee properly sought Rule 60(b) relief by motion as a contested matter, and not by serving a summons and complaint in an adversary proceeding. The bankruptcy court, however, did not address whether the Trustee correctly sought relief by motion under § 105(a) of the Bankruptcy Code.

The Trustee and State Bank stipulated at the hearing that the amount of State Bank's claim was $148,423.92, and that the sum of secured and unsecured claims was $207,601.76.[2] Further, the Trustee and State Bank introduced expert testimony from real estate appraisers regarding the value of the property. Jenny K. Hancock appeared for the Trustee and testified that on September 6, 1993 she appraised the property at $956,000. Eric N. Johnson appeared for State Bank and testified that on September 28, 1992 he appraised the property at $110,000. Mr. Johnson, however, raised his appraisal to $170,000 at the evidentiary hearing.

The Trustee argued that under Rule 60(b) and Rule 9024, the circumstances justified the district court in vacating the order granting relief from stay. By vacating its order lifting the stay, the Trustee maintained the bankruptcy court would prevent State Bank from "snatching this asset away from the rest of the creditors" in a foreclosure sale. The Trustee argued that based on the $956,000 appraisal of the property, there was substantial equity in the property in excess of State Bank's $148,423.92 claim. The Trustee asserted the bankruptcy estate could not capitalize on the equity if State Bank sold the property at a foreclosure sale. Once the automatic stay was again in place, the Trustee argued it could liquidate the property in a commercially reasonable manner for the benefit of all the creditors, including State Bank. Thus, the Trustee contended that the Chapter 7 policy of liquidating the estate for the benefit of all creditors would be served if the bankruptcy court vacated its order granting State Bank relief from stay.

State Bank argued that the Trustee had failed to establish under Fed.R.Civ.P. 60(b)(6) compelling and extraordinary circumstances sufficient to vacate the order lifting the automatic stay. Specifically, State Bank asserted that because the value of the property was $170,000, and not $956,000, there was not sufficient equity in it to merit enjoining the foreclosure sale to allow the Trustee to liquidate the property. Further, State Bank contended that the bankruptcy court's finding in the order lifting the stay that the Debtors acted in bad faith was res judicata in the current proceeding, and should preclude the court from reimposing the stay.

 The bankruptcy court stated:
[I]t boils down to a question of value and whether it would be fair or proper for the

---

**2.** In addition to State Bank's secured claim for $148,423.92, the Trustee established that an Internal Revenue Service priority lien in the amount of $14,037.54 and $19,140.30 of delinquent state property taxes encumbered the prop-

erty. Further, the Trustee stated that $26,000 of unsecured claims had been filed against the estate, yielding $207,601.76 in total secured and unsecured claims.

protection of unsecured creditors and rights of other creditors, other than the bank, to set aside this order. The question of determining value is difficult because it seems to me that there are some questions of credibility on both appraisals.

. . . .

I'm unable to find a specific value. But I do find that the value is in excess of $170,000. It may not be as high as $956,-000, but it does appear that the property value is high enough to justify—or high enough to protect the interests of the bank if the order granting relief from stay were set aside, at least for a reasonable period of time.

. . . .

It appears to me that the interests of the bank can be protected and perhaps something discovered for unsecured creditors if the Trustee is given a reasonable opportunity. So, with that, the motion to set aside the order granting relief from the stay is granted on the basis of newly discovered evidence under Rule 60(b)(6).

Aplee.App. at 279–81. Thus, the bankruptcy court granted the Trustee's Rule 60(b) motion to vacate its order lifting the automatic stay. Significantly, the bankruptcy court did not grant the Trustee's motion to reimpose the automatic stay under 11 U.S.C. § 105(a).[3]

On appeal to the district court, State Bank raised the same arguments it asserted in the

---

3. Although the bankruptcy court clearly did not grant the Trustee's motion to reimpose the automatic stay under 11 U.S.C. § 105(a), the caption of the form order prepared by the Trustee and entered by the bankruptcy court on December 22, 1993 indicated that the court granted both the Rule 60(b) motion and the § 105(a) motion. The reference in the order to the § 105(a) motion is mistaken. State Bank alerted the bankruptcy court to the mistake by filing an "Objection to Proposed Order Submitted by Counsel for the Trustee" on December 21, 1993. The bankruptcy court did not rule on State Bank's objection to the proposed order.

On appeal, the district court observed, "There is no question that the Bankruptcy Court rejected or did not grant the trustee's 105 request, and possibly because ... the bankruptcy judge viewed that relief to be injunctive in nature and would require an adversary proceeding." Aplt. App. at 551. In its oral ruling affirming the bankruptcy court, the district court affirmed the bankruptcy court under Fed.R.Civ.P. 60(b) and Rule 9024. Because the bankruptcy court did not grant the Trustee's motion to reimpose the stay under § 105(a), the district court did not reach the merits of the § 105(a) motion.

The Trustee, however, perpetuated the erroneous appearance that the bankruptcy court granted the Trustee's motion to reimpose the stay under § 105(a) of the Bankruptcy Code in the form order it prepared for the district court. In its October 14, 1994 order affirming the bankruptcy court, the district court "ORDERED that the Bankruptcy Court's Order Granting (1) Trustee's Motion Pursuant to Rule 9024 for Relief from the Order Granting State Bank of Southern Utah Relief from the Automatic Stay and (2) *Trustee's Motion to Reimpose the Automatic Stay Pursuant to 11 U.S.C. § 105 is affirmed.*" (emphasis added). Thus, contrary to its oral ruling, the district court entered an order that affirmed the bankruptcy court's nonexistent grant of relief to the Trustee on its § 105(a) motion. State

Bank did not object to the § 105(a) reference in the district court's October 14, 1994 order.

On appeal, State Bank contends that the bankruptcy court did not grant the Trustee's motion to reimpose the automatic stay under 11 U.S.C. § 105(a), but vacated its order lifting the stay under Rule 60(b) and Rule 9024. Consequently, State Bank contends that the district court entered an order that erroneously indicated the bankruptcy court granted the Trustee's motion to reimpose the automatic stay under 11 U.S.C. § 105(a). We agree, and conclude the district court should correct its clerical mistake. *See* Fed.R.Civ.P. 60(a) ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative...."); *American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake."); *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir.1992) ("[A] district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect it contemporaneous intent and ensure that the court's purpose is fully implemented."), *cert. denied* 507 U.S. 1043, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993). Pursuant to Fed.R.Civ.P. 60(a) we remand to the district court with directions to amend its October 14, 1995 order to accurately depict that it affirmed the bankruptcy court's order vacating its order lifting the automatic stay under Rule 60(b) and Rule 9024, and not under 11 U.S.C. § 105(a). *See Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust*, 920 F.2d 651, 653 n. 5 (10th Cir.1990) (remanding under Rule 60(a) for the district court to correct a clerical error and amend the judgment); *United States v. Kellogg (In re West Texas Marketing Corp.)*, 12 F.3d 497, 503–05 (5th Cir. 1994) (remanding to the district court under Rule 60(a) to correct clerical mistakes made by

bankruptcy court. The district court first concluded that the plain language of Rule 9024 and Fed.R.Civ.P. 60(b) authorized Rule 60(b) relief by motion as a contested matter. Thus, the district court determined that Rule 7001(7) did not require the Trustee to initiate an adversary proceeding to obtain Rule 60(b) relief. Reaching the merits, the district court ruled that the bankruptcy court did not abuse its discretion when it granted the Trustee's Rule 60(b) motion.

> So once having made the decision that 60(b) applies here, then I need to look and see whether Judge Allen abused his discretion. I am finding that Judge Allen was presented with new circumstances in a case that had recently been placed in a new procedural posture. In January of 1993 he was presented with what he found to be a bad faith Chapter 11 filing.... [G]iven those circumstances the bankruptcy judge decided to lift the automatic stay and then let the bank go after its money, go after the deficiency judgment.
>
> Then 11 months later, approximately, he was presented in the same case with the Chapter 7 liquidation and the same secured creditor still seeking its $114,000 and evidence from both sides that the property had increased in value. Now, under these circumstances the judge below decided that allowing the trustee to list and sell the property on the open market instead of allowing [State Bank] to sell the property to the highest bidder at a foreclosure auction was in the best interests of all involved including the unsecured creditors. [State Bank] could still recover its money and hopefully to the benefit of other creditors.
>
> *I would be hard pressed under those circumstances to say that Judge Allen abused his discretion.... It was well*

*within the discretion granted to him under the procedural rules.*

Aplt.App. at 552–53 (emphasis added). Consequently, the district court affirmed the bankruptcy court. This appeal followed.

## II.

On appeal, State Bank argues the district court erred in affirming the bankruptcy court's order vacating its prior order lifting the automatic stay. State Bank asserts the district court erred because: (1) the Trustee's Rule 60(b) motion should have been brought as an adversary proceeding; (2) the bankruptcy court erred under Rule 60(b)(6) in vacating the order granting State Bank relief from stay; (3) the doctrine of res judicata prevented the Trustee from using Rule 60(b) to ask the bankruptcy court to vacate a final order; and (4) the bankruptcy proceedings deprived State Bank of its rights under the Due Process Clause of the U.S. Constitution.[4] We address State Bank's contentions in turn.

## A.

State Bank first argues the district court erred because the Trustee should have sought Rule 60(b) relief by filing a complaint in an adversary proceeding, and not by motion as a contested matter. Specifically, State Bank asserts that: (1) the plain language of Rules 7001(7), 9024, and 60(b), and (2) settled precedent, required the Trustee to seek Rule 60(b) relief from the order lifting the stay by filing an adversary proceeding. We disagree.

### 1.

State Bank argues that the plain language of Rules 7001(7), 9024, and 60(b) required the

---

parties in preparing a bankruptcy court judgment).

**4.** State Bank also argues on appeal that the automatic stay should not have been reimposed under 11 U.S.C. § 105(a) because: (1) § 105(a) should never be used to reimpose a stay that was lifted for "cause" under 11 U.S.C. § 362(d)(1), and (2) there was no basis for injunctive relief under § 105(a). As we noted in note 3, *supra,* the caption of the form order prepared by the Trustee and entered by the bankruptcy court

purports to grant the § 105(a) motion. The record, however, clearly demonstrates that the bankruptcy court did not reimpose the stay under 11 U.S.C. § 105(a), but vacated the order lifting the stay pursuant to Rule 60(b) and Rule 9024. Indeed, State Bank asserts in its brief that "the court did not grant respondents' motion under 11 U.S.C. § 105(a)." Aplt.Br. at 43. Because the bankruptcy court did not reimpose the stay under 11 U.S.C. § 105, we do not address State Bank's § 105 arguments.

Trustee to pursue Rule 60(b) relief by filing an adversary proceeding and not by motion. State Bank maintains that the Trustee's Rule 60(b) motion sought reimposition of the automatic stay, which amounted to a request for injunctive relief under Rule 7001(7).[5] Under Rule 7001(7), requests for injunctive or equitable relief require the initiation of an adversary proceeding. Because the Trustee sought Rule 60(b) relief under Rule 9024 by filing a motion as a contested matter, and not by initiating an adversary proceeding, State Bank maintains the bankruptcy court was without jurisdiction.

■■■ State Bank's argument requires us to interpret Rules 7001, 9024, and 60(b) using tools of statutory interpretation. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 386–90, 113 S.Ct. 1489, 1494–95, 123 L.Ed.2d 74 (1993). "In statutory interpretation we look to the plain language of the statute and give effect to its meaning." *Schusterman v. United States,* 63 F.3d 986, 989 (10th Cir.1995) (citing *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)). "Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.'" *Pioneer Inv. Servs.,* 507 U.S. at 388, 113 S.Ct. at 1495 (quoting *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979)). If the statute is clear, our inquiry ends. *Schusterman,* 63 F.3d at 989. We review the district court's interpretation of the Bankruptcy Rules de novo. *Unioil v. Elledge (In re Unioil, Inc.),* 962 F.2d 988, 990 (10th Cir.1992).

The Federal Rules of Bankruptcy Procedure distinguish between adversary proceedings and contested matters. *See 9 Collier on Bankruptcy* ¶¶ 7001.01[1], 9014.03 (Lawrence P. King ed., 15th ed. 1995). In general, a party who brings an action designated as an adversary proceeding under Rule 7001 must file a complaint with the bankruptcy court, and serve the adverse party with a summons and a copy of the complaint. *See* Rule 7003; Rule 7004. In contrast, in a contested matter, "relief shall be requested by motion." Rule 9014.

Rule 7001 enumerates ten classes of actions or proceedings which must be brought as adversary proceedings in bankruptcy cases. As relevant to the instant case, Rule 7001(7) provides:

> **Rule 7001. Scope of Rules of Part VII.**
> An adversary proceeding is governed by the rules of this Part VII. It is a proceeding
>
> . . . .
>
> (7) *to obtain an injunction or other equitable relief.*

Rule 7001(7) (emphasis added). Rule 7001(7), therefore, requires an adversary proceeding in order "to obtain an injunction or other equitable relief." *Id.*

Rule 9024 incorporates Fed.R.Civ.P. 60(b) in bankruptcy proceedings with three exceptions not implicated here. Rule 9024 provides in relevant part:

> **Rule 9024. Relief From Judgment or Order.**
> *Rule 60 F.R.Civ.P. applies in cases under the Code. . . .*

Rule 9024 (emphasis added). Rule 9024 therefore incorporates Rule 60(b) in bankruptcy proceedings. Consequently, Fed.R.Civ.P. 60(b), as incorporated by Rule 9024, governs requests for relief from judgments

---

**5.** The dissent contends that our characterization of State Bank's argument "is inaccurate . . . [because] State Bank asserts that the Trustee's requested relief constituted injunctive relief, *not* Rule 60(b) relief, and 'should not have [been] made by motion but through the filing of an adversary proceeding in accordance with Fed. R.Bankr.P. 7001(7).'" Dissent at 2–3 (quoting Aplt.Br. at 34). In its haste to identify purported inaccuracies in our opinion, the dissent ignores this section (Part II.A.1) of our opinion wherein we set forth State Bank's argument in full. Fur-

ther, the dissent implies that we intentionally and erroneously stated that the Trustee requested relief under Rule 60(b) in order to reach "the apparent conclusion that such relief may be granted by motion without an adversary proceeding." Dissent at 3. The record demonstrates that the Trustee designated the motion as a request for relief under Rule 60(b) (incorporated in bankruptcy proceedings by Rule 9024). Aplt. App. at 384. Thus, we do not see how we inaccurately depict the record by correctly describing it.

or orders in bankruptcy court. Rule 60(b) provides in pertinent part:

**Rule 60. Relief from Judgment or Order.**

. . . .

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On *motion* and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b) (emphasis added). Under Rule 60(b) a bankruptcy court may vacate a final order on the grounds of "newly discovered evidence" or for "any other reason justifying relief." *See id.*

The plain language of Rules 7001(7), 9024, and 60(b) establishes that a party may seek Rule 60(b) relief from an order granting relief from stay by motion as a contested matter without filing an adversary proceeding. Rule 7001 lists ten classes of actions which require the initiation of an adversary proceeding. The list does not include requests for relief under Rule 60(b). *See* Rule 7001. The plain language of Rule 60(b) allows a court to relieve a party from a final judgment or order upon the filing of a motion, not a complaint. *See* Rule 60(b) ("On *motion* . . . .") (emphasis added). Rule 9024 incorporates Rule 60(b) in bankruptcy cases. *See* Rule 9024 (Rule 60(b) "applies in cases under the Code"). Consequently, the plain language of Rule 9024 allows a party to request Rule 60(b) relief from a bankruptcy court order granting relief from stay by filing a motion. *Id.*

Although Rules 9024 and 60(b) authorize relief by motion, State Bank asserts that Rule 7001(7) mandates the filing of an adversary proceeding because relief from an order lifting the stay in effect revives the automatic stay, which amounts to "an injunction or other equitable relief." *See* Rule 7001(7) (An adversary proceeding "is a proceeding . . . to obtain an injunction or other equitable relief."). State Bank's logic is flawed. State Bank's interpretation of Rule 7001(7) would always require a party proceeding under Rule 9024 in bankruptcy court to prepare a complaint and file an adversary proceeding because every Rule 60(b) motion by definition seeks "equitable relief" from the court. *See, e.g., Pierce v. Cook & Co., Inc.,* 518 F.2d 720, 722 (10th Cir.1975) ("Rule 60(b) gives the court a 'grand reservoir of equitable power to do justice in a particular case.'") (en banc) (quoting *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1979). Thus, State Bank urges us to interpret the general language in Rule 7001(7) to negate the specific authorization in Rule 60(b), applicable in bankruptcy under Rule 9024, that a party may proceed "on motion." We reject State Bank's broad reading of Rule 7001(7) because it falls afoul of the fundamental tenet of statutory construction that a court should not construe a general statute to eviscerate a statute of specific effect. *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general."); *Franklin v. United States,* 992 F.2d 1492, 1502 (10th Cir.1993) ("[A] specific statute . . . should not be deemed controlled or nullified by a general statute . . . absent a definite contrary intention."); 2A Norman J. Singer, *Sutherland Statutory Construction,* § 46.05, at 105 (5th ed. 1992) ("Where there is inescapable conflict between general and specific terms or provisions of a statute, the specific will prevail."). Thus, examining the plain language of Rules 7001(7), 9024, and 60(b), and giving effect to its meaning, *Schusterman,* 63 F.3d at 993, we conclude that a party may seek relief from an order granting relief from the automatic stay by filing a motion as a contested matter under Rules 9024 and 60(b) without filing an adversary proceeding.

2.

Apart from the plain language of Rules 7001(7), 9024, and 60(b), State Bank

contends that settled precedent mandated that the Trustee request Rule 60(b) relief by complaint filed in an adversary proceeding. We review questions of law regarding the interpretation of precedent de novo. *See Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir.1994).

State Bank argues that bankruptcy courts have uniformly held that requests to reimpose the automatic stay require the filing of an adversary proceeding. The cases State Bank cite are inapposite. Significantly, State Bank directs us to cases that do not involve motions to vacate orders lifting the automatic stay under Rules 60(b) and 9024, but requests to reimpose the automatic stay under 11 U.S.C. § 105(a). The bankruptcy court in the instant case, however, did not reimpose the automatic stay under 11 U.S.C. § 105(a), but vacated its order granting relief from stay under Rule 60(b) and Rule 9024. The distinction between a Rule 60(b) motion to vacate an order lifting the stay and a request to reimpose the automatic stay under 11 U.S.C. § 105(a) determines whether the movant may proceed by motion as a contested matter under Rule 9014, or must file an adversary proceeding under Rule 7001. Courts have uniformly held that a request to reimpose the automatic stay under 11 U.S.C. § 105(a) constitutes "a proceeding to obtain an injunction or other equitable relief" under Rule 7001(7), which requires the filing of an adversary proceeding.[6] In contrast, State Bank cites no authority—nor have we found any—that stands for the proposition that a Rule 60(b) and Rule 9024 motion requesting a bankruptcy court to vacate an order lifting the automatic stay constitutes a request for an injunction that requires an adversary proceeding under Rule 7001(7).[7] Instead, in accord with our interpretation of the Rules, the courts that have addressed Rule 60(b) in this context agree that a party may seek relief from a bankruptcy court order lifting the automatic stay by filing a motion pursuant to Rules 9024 and 60(b) without filing an adversary proceeding.[8] Consequently, because the

**6.** *See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 701 (3d Cir.1989) ("[A] lapsed stay may be reimposed under the equitable provisions of section 105(a), provided that the debtor has properly applied for such injunctive relief [under Rule 7001]."); *Ramirez v. Whelan (In re Ramirez)*, 188 B.R. 413, 416 (9th Cir. BAP 1995) ("In order to have a vacated stay 'reimposed,' one must ordinarily file an adversary proceeding seeking an injunction under 11 U.S.C. § 105.") (Klein, J., concurring); *Stacy Fuel & Sales, Inc. v. Ira Phillips, Inc. (In re Stacy)*, 167 B.R. 243, 248 (N.D.Ala.1994) ("Under the Federal Rules of Bankruptcy Procedure [a motion to reimpose the automatic stay under § 105(a)] ... could not have been obtained by motion but rather necessitated the institution of an adversary proceeding."); *In re Parker*, 154 B.R. 240, 243 (Bankr.S.D.Ohio 1993) (holding that court has power to reimpose the automatic stay under § 105(a) but may do so only in adversary proceeding); *American Indus. Loan Ass'n v. Voron (In re Voron)*, 157 B.R. 251, 252–53 (Bankr.E.D.Va.1993) (same); *Nasco P.R., Inc. v. Chemical Bank (In re Nasco P.R., Inc.)*, 117 B.R. 35, 38 (Bankr.D.P.R.1990) ("The bankruptcy court has power under Section 105(a) to reimpose a stay ... [but a] party wishing to invoke the Court's injunctive power under Section 105(a) must file an adversary proceeding....").

**7.** The dissent states that "[t]he weight of authority supports State Bank['s]" argument that Rule 60(b) relief in the instant case "constitutes injunctive relief requiring an adversary proceeding

in accordance with Bankruptcy Rule 7001(7)." Dissent at 3. The dissent, however, like State Bank, fails to identify a single case in support of the proposition that a Rule 60(b) motion requesting a bankruptcy court to vacate an order lifting the automatic stay constitutes a request for an injunction under § 105 that requires an adversary proceeding. Instead, the dissent cites cases that do not even *mention* Rule 60(b) to support its argument that as a matter of law Rule 60(b) relief in the instant case constituted a request for injunctive relief under § 105. Indeed, the dissent fails to recognize the determinative distinction between a Rule 60(b) motion to vacate an order lifting the stay and a request to reimpose the automatic stay under 11 U.S.C. § 105(a).

**8.** *See Metmor Fin., Inc. v. Bailey (In re Bailey)*, 111 B.R. 151, 152–53 (W.D.Tenn.1988) (affirming bankruptcy court's order granting debtor's Rule 9024 and Rule 60(b)(6) motion to vacate an order lifting the automatic stay); *Ramirez v. Whelan (In re Ramirez)*, 188 B.R. 413, 416 (9th Cir. BAP 1995) ("Occasionally, it might suffice to revive the stay by way of motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b), which are applicable in bankruptcy by virtue of Federal Rules of Bankruptcy Procedure 9021 and 9023 [sic].") (Klein, J., concurring); *In re AL & LP Realty Co.*, 164 B.R. 231, 232–34 (Bankr.S.D.N.Y.1994) (recognizing that under Rules 9024 and 60(b)(6) debtor properly filed motion seeking relief from consent order modifying the automatic stay); *In re Fuller*, 111 B.R. 660, 661–63 (Bankr.S.D.Ohio 1989) (holding that

bankruptcy court vacated its order lifting the stay under Rule 60(b) as opposed to reimposing the stay under § 105, we reject State Bank's argument that settled precedent mandated that the Trustee seek Rule 60(b) relief by filing an adversary proceeding.

In sum, we hold that the plain language of Rules 9024 and 60(b) and settled precedent permitted the Trustee to request Rule 60(b)(6) relief from the order granting relief from stay by filing a motion as a contested matter.[9] The district court did not err, therefore, by concluding that the bankruptcy court properly determined that the Bankruptcy Rules authorized the Trustee to proceed by motion without filing an adversary proceeding.

## B.

State Bank next contends the district court erred in affirming the bankruptcy court's order granting the Trustee relief under Fed.R.Civ.P. 60(b)(6).[10] Specifically, State Bank argues that the bankruptcy court erred because: (1) the circumstances did not justify relief under Rule 60(b)(6), and (2) the court granted Rule 60(b)(6) relief based on a finding of newly discovered evidence under Rule 60(b)(2).

"Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). We have observed that Rule 60(b) "gives the court a 'grand reservoir of equitable power to

do justice in a particular case.'" *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just ... for ... any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(6). "District courts may grant a Rule 60(b)(6) motion only in 'extraordinary circumstances' and only when such action is necessary to accomplish justice." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir.1993); *see also Johnston v. Cigna Corp.*, 14 F.3d 486, 497 (10th Cir.1993) ("Relief under Rule 60(b)(6) ... is warranted only in exceptional circumstances"), *cert. denied*, ——— U.S. ———, 115 S.Ct. 1792, 131 L.Ed.2d 720 (1995). A court may not premise Rule 60(b)(6) relief, however, on one of the specific grounds enumerated in clauses (b)(1) through (b)(5). *Liljeberg*, 486 U.S. at 863, 108 S.Ct. at 2204.

We review a lower court's ruling on a Rule 60(b)(6) motion for abuse of discretion. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1491 (10th Cir. 1994). Because a court "has substantial discretion in connection with a Rule 60(b) motion," *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990), "[w]e will reverse the district court's determination 'only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong.'" *John-*

---

a "motion to reinstate automatic stay" was properly filed under Rules 9024 and 60(b) as a motion to vacate a default order lifting the automatic stay); *In re Keul*, 76 B.R. 79, 82 (Bankr. E.D.Pa.1987) ("[A]n order granting relief from stay is subject to being altered or vacated pursuant to Fed.R.Civ.P. 60(b)(6) and Bankr. Rule 9024."); *In re Kanuika*, 76 B.R. 473, 477–78 (Bankr.E.D.Pa.1987) (allowing debtor to file a motion under Rules 9024 and 60(b) for relief from an order lifting the automatic stay); *Commonwealth of Pennsylvania State Employees' Retirement Fund v. Durkalec (In re Durkalec)*, 21 B.R. 618, 619–20 (Bankr.E.D.Pa.1982) (granting Chapter 7 debtor's motion under Rule 60(b)(6) to vacate an order lifting the automatic stay due to changed circumstances).

**9.** Because we conclude that the Bankruptcy Rules permit a party to seek Rule 60(b) relief from an order lifting the automatic stay—thereby "reviving" the automatic stay—we reject State Bank's argument that the Bankruptcy Code limits temporary extensions of the stay to cases arising under 11 U.S.C. § 362(e).

**10.** State Bank also argues the district court erred in affirming the bankruptcy court on the basis of newly discovered evidence under Rule 60(b)(2). Because we conclude that the district court correctly determined the bankruptcy court did not abuse its discretion in granting the Trustee relief under Rule 60(b)(6), we do not address the merits of the district court's Rule 60(b)(2) ruling.

*ston,* 14 F.3d at 497 (quoting *Pelican Prod. Corp.,* 893 F.2d at 1147).

Applying these principles to the instant case, we believe the district court correctly concluded that under the exceptional circumstances of this case the bankruptcy court did not abuse its discretion in granting the Trustee's motion for relief from the order lifting the stay under Rule 60(b)(6). The bankruptcy court emphasized that the circumstances of the case had changed significantly since it granted State Bank relief from stay to foreclose the property. The bankruptcy court granted State Bank relief from stay in part because Debtors had filed a serial petition in bad faith to prevent State Bank from foreclosing the property. Thus, in the context of the Chapter 11 reorganization, the February 17, 1993 order lifting the stay "punished" Debtors for seeking bankruptcy protection in bad faith, and allowed State Bank to foreclose its judgment lien. By December 1993, however, the case had been converted to a Chapter 7 liquidation. A foreclosure sale in the Chapter 7 would not punish Debtors, but other creditors because the estate would receive less from a foreclosure sale to distribute to creditors than it would by permitting the Trustee to liquidate the property in a commercially reasonable manner.

At the Rule 60(b) hearing, the Trustee and State Bank presented evidence that the value of the property had increased since the court lifted the stay. The bankruptcy court found that the value of the property exceeded $170,000, although it "may not be as high as $956,000." With a property value over $170,000, the court observed that there was equity in the property in excess of State Bank's $148,423.92 claim. Total secured and unsecured claims were $207,601.76. Based on the sharply increased property value and the total claims against the estate, the bankrupt-

cy court determined the estate could distribute more money to the creditors if the Trustee liquidated the property in a commercially reasonable manner than if State Bank sold it at a foreclosure sale.

■ We believe the conversion of the Chapter 11 case to a Chapter 7 liquidation case, the increase in the property value, and the likelihood that the estate could distribute more money to creditors if the Trustee sold the property in the open real estate market constituted exceptional circumstances sufficient to merit Rule 60(b)(6) relief.[11] State Bank, however, argues that the bankruptcy court committed reversible error in its Rule 60(b)(6) determination because the court used a finding of newly discovered evidence under Rule 60(b)(2) to justify Rule 60(b)(6) relief. In its oral ruling, the bankruptcy court summarized the circumstances underlying its decision to grant Rule 60(b)(6) relief:

> It appears to me that the interests of the bank can be protected and perhaps something discovered for unsecured creditors if the Trustee is given a reasonable opportunity. So, with that, the motion to set aside the order granting relief from the stay is granted on the *basis of newly discovered evidence* under Rule 60(b)((6).

Aplee.App. at 281 (emphasis added). State Bank thus contends the bankruptcy court erred in granting Rule 60(b)(6) relief on the basis of newly discovered evidence under Rule 60(b)(2).

Newly discovered evidence is grounds for relief under Rule 60(b)(2), not Rule 60(b)(6). *Compare* Fed.R.Civ.P. 60(b)(2) ("newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b)") *with* Fed.R.Civ.P. 60(b)(6) ("any other reason justifying relief from the operation of the judgment"). Relief under Rule 60(b)(6) may not

---

**11.** *See Metmor Fin., Inc. v. Bailey (In re Bailey),* 111 B.R. 151, 153 (W.D.Tenn.1988) (holding that bankruptcy court did not abuse its discretion in granting debtor's Rule 60(b)(6) motion to vacate an order lifting the automatic stay where debtor established extenuating circumstances); *Commonwealth of Pa. State Employes' Retirement Fund v. Durkalec (In re Durkalec),* 21 B.R. 618, 619 (Bankr.E.D.Pa.1982) (holding that debtor was entitled under Rule 60(b)(6) to relief from an order granting relief from stay to prevent foreclosure of debtor's home because after stay was lifted, debtor became gainfully employed and case was converted from Chapter 7 to Chapter 13). *But see In re AL & LP Realty Co.,* 164 B.R. 231, 234 (Bankr.S.D.N.Y.1994) (holding that Chapter 11 debtor failed to establish exceptional circumstances necessary under Rule 60(b)(6) to obtain relief from a consent order modifying the automatic stay).

be premised on one of the specific grounds enumerated in Rule 60(b)(1)–(5). *E.g., Liljeberg,* 486 U.S. at 863, 108 S.Ct. at 2204.

The district court rejected State Bank's argument that the bankruptcy court erred by granting Rule 60(b)(6) relief based on a Rule 60(b)(2) finding.

> [State Bank's] argument that the Bankruptcy Court used a 60(b)(2) basis to make a 60(b)(6) finding is making much out of not much. Judge Allen spoke from the bench when he made his ruling—and if he was in error—I will affirm on the basis of either 60(b)(2) or 60(b)(6). The Bankruptcy Court's ruling as a whole was that the circumstances had sufficiently changed between January of 1993 and December of 1993. It is not a circumstance specifically addressed in 60(b) 1 through 5 and, therefore, I believe was properly dealt with under 60(b)(6), which says any other reason justifying relief from the operation of the judgment.

Aplt.App. at 555–56. We agree with the district court. The Trustee did not argue "newly discovered evidence" at the Rule 60(b) hearing but founded its claim for relief on extraordinary circumstances pursuant to Rule 60(b)(6). *See* Aplee.App. at 251–53, 276. The transcript of the December 15, 1993 evidentiary hearing demonstrates the bankruptcy court based its Rule 60(b)(6) decision on the exceptional and extraordinary circumstances of the case, not on newly discovered evidence under Rule 60(b)(2). We believe the bankruptcy court misspoke when it said "newly discovered evidence" in its oral ruling. This misstatement, however, does not constitute reversible error when the record establishes that the court correctly premised the order granting Rule 60(b)(6) relief on the Trustee's showing of exceptional and compelling circumstances.

In sum, based on our review of the record we do not "find a complete absence of a reasonable basis" nor are we "certain that the [bankruptcy] court's decision is wrong."

*Johnston,* 14 F.3d at 497 (quotation omitted). Consequently, we agree with the district court's observation that "I would be hard pressed under those circumstances to say that Judge Allen abused his discretion." We therefore hold that the district court did not err by concluding that the bankruptcy court did not abuse its discretion in entering an order granting the Trustee relief from the order lifting the automatic stay under Rule 60(b)(6).[12]

### C.

Next, State Bank argues that the doctrine of res judicata prevented the Trustee from asking the district court to vacate its order lifting the stay under Rule 60(b). Specifically, State Bank argues that the February 17, 1993 order granting it relief from stay based on "cause" under 11 U.S.C. § 362(d)(1) constituted a final order which, under the doctrine of res judicata, the Trustee could not seek to overturn. Consequently, State Bank argues the district court erred by affirming the bankruptcy court's order vacating the order lifting the automatic stay. We "review de novo a district court's conclusions of law as to the applicability of res judicata." *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 977 (10th Cir.1995).

The doctrine of res judicata bars a *collateral* attack on a final judgment, but "does not apply to *direct* attacks on judgments." *Watts v. Pinckney,* 752 F.2d 406, 410 (9th Cir.1985); *see also* 1B James William Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 0.407 (2d ed. 1995) ("It is elementary, of course, that res judicata does not preclude a litigant from making a direct attack upon the judgment before the court that renders it."). Rule 60(b) provides a procedural avenue whereby, in appropriate circumstances, a party may assert a direct attack on a final judgment or order. *See* Fed.R.Civ.P. 60(b); *Liljeberg,* 486 U.S. at 863, 108 S.Ct. at 2204. Thus, " '[r]es judicata

---

**12.** State Bank also contends the bankruptcy court erred in granting the Trustee Rule 60(b)(6) relief because: (1) Debtor has a statutory right of redemption for six months after the foreclosure sale under Utah R.Civ.P. 69(f), and (2) cause still exists for relief from stay. Because we conclude the bankruptcy court's Rule 60(b)(6) determination did not evince an abuse of discretion under the circumstances of this case, we reject State Bank's redemption and cause for relief from stay arguments.

does not preclude a litigant from making a direct attack under Rule 60(b) upon the judgment before the court which rendered it.'" *Weldon v. United States,* 70 F.3d 1, 5 (2d Cir.1995) (quoting *Watts,* 752 F.2d at 410) (quotation and alteration omitted); *see also* 1B Moore & Lucas, *supra,* ¶ 0.407 (stating that res judicata does not bar a litigant from seeking Rule 60(b) relief from the court which rendered the judgment).

We conclude that State Bank's argument misapprehends the nature of Rule 60(b) and the doctrine of res judicata. First, the plain language of Rule 60(b) authorizes a litigant to seek relief "from a *final* judgment, order, or proceeding." Fed.R.Civ.P. 60(b). Thus, the fact that the order lifting the stay constituted a final order did not preclude the Trustee from assailing it under Rule 60(b). Second, the Trustee directly attacked the order lifting the stay by filing a Rule 60(b) motion with the court that rendered the order while the case was still pending. Under these circumstances, res judicata did not prevent the Trustee from seeking Rule 60(b) relief from the bankruptcy court. *E.g., Watts,* 752 F.2d at 410. We therefore conclude the district court did not err in determining that the doctrine of res judicata did not bar the Trustee from asking the bankruptcy court to vacate the order lifting the stay under Rule 60(b)(6).

### D.

◼◼◼ Finally, State Bank contends the district court erred in affirming the bankruptcy court's order vacating the order lifting the stay because it did not receive adequate notice under the Due Process Clause of the U.S. Constitution of the December 14, 1993 bankruptcy hearing. State Bank argues that it did not receive adequate notice because: (1) the Trustee waited until December 9, 1993 to file the Rule 60(b) motion and § 105 motion, and (2) the bankruptcy court entered an ex parte order shortening the time for hearing. We review whether bankruptcy court proceedings violated a party's due process rights de novo. *Langenkamp v. Hackler (In re Republic Trust & Sav. Co.),* 897 F.2d 1041, 1043 (10th Cir.), *rev'd on other*

*grounds,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

### 1.

State Bank argues that it did not receive adequate notice of the December 14, 1993 hearing because the Trustee waited until December 9, 1993—seven days before the December 16, 1993 foreclosure sale—to file the Rule 60(b) motion and § 105 motion. Consequently, State Bank asserts "the bankruptcy court committed reversible error by allowing [the Trustee] to proceed with his ambush type tactics in an effort to deny [State Bank] sufficient time to prepare for trial in violation of the due process clause of the U.S. Constitution."

"The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing." *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 14, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978) (quotation omitted). " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 13, 98 S.Ct. at 1562 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

We reject State Bank's argument that the Trustee intentionally ambushed State Bank on the eve of the foreclosure sale. The Trustee was appointed on November 16, 1993, one month before the foreclosure sale. Prior to the December 16, 1993 foreclosure sale, the Trustee decided to move for relief from the order lifting the stay. On December 9, 1993, the Trustee filed the Rule 60(b) motion and the § 105 motion. Pursuant to an ex parte motion filed by the Trustee, the bankruptcy court entered an order on December 9, 1993 shortening the time for hearing on the Trustee's motions, and scheduled the hearing for December 14, 1993. In compliance with the bankruptcy court's order, on December 9, 1993 the Trustee hand delivered to State Bank's counsel the Trustee's mo-

tions, the bankruptcy court's order shortening the time for hearing on the Trustee's motions, and a notice of hearing. Thus, five days before the December 14, 1993 hearing, State Bank received written notice of the hearing and the substance of the Trustee's motions. The bankruptcy court observed at the December 14, 1993 hearing:

I recognize too that the bank hasn't had a whole lot of time to prepare for this case. And I also recognize, though, that the Trustee hasn't sat on his hands. The Trustee was only appointed on November 16, 1993, not really knowing until that time he was going to be the Trustee.... So I think the Trustee moved expeditiously.

So we have a couple of innocent parties it seems to me. I don't see that there's been any wrongdoing on either party.

Aplt.App. at 361. We agree with the bankruptcy court. The record does not support State Bank's arguments in its brief that the Trustee prepared its pleadings, honed its arguments, and intentionally waited until the eleventh hour to file the Rule 60(b) and § 105 motions. We further note that despite State Bank's argument that it was ambushed without sufficient time to prepare, State Bank did not request a continuance from the bankruptcy court.

Because State Bank was apprised of the hearing and permitted adequate time to prepare, we conclude that State Bank received adequate notice of the December 14, 1993 hearing under the Due Process Clause of the U.S. Constitution. *E.g., Memphis Light, Gas & Water Div.,* 436 U.S. at 14, 98 S.Ct. at 1562–63. We therefore reject State Bank's argument that it did not receive adequate notice because the Trustee filed the Rule 60(b) motion and § 105 motion on December 9, 1993.

### 2.

State Bank argues the bankruptcy court deprived it of its right to procedural due process because the court entered an ex parte order shortening the time for the December 14, 1993 hearing. Specifically, State Bank contends that the bankruptcy court violated State Bank's right to procedural due process by granting the Trustee's ex parte

motion to shorten the time for hearing without prior notice to State Bank.

The bankruptcy court granted the Trustee's ex parte motion to shorten the time for hearing pursuant to Bankruptcy Rule 9006. Rules 9006(c)(1) and (d) authorize a court to reduce the time for a hearing, and a party to file an ex parte motion to shorten the time for a hearing. Rule 9006(c)(1) provides in relevant part:

(1) In General. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, *the court for cause shown may in its discretion with or without motion or notice order the period reduced.*

Rule 9006(c)(1) (emphasis added). "Bankruptcy Rule 9006(c) permits the bankruptcy court 'for cause shown' in its discretion, with or without motion or notice, to reduce the notice period, and *ex parte* motions for material reductions in the notice period are routinely granted by bankruptcy courts." *Hester v. NCNB Texas Nat'l Bank (In re Hester),* 899 F.2d 361, 364 n. 3 (5th Cir. 1990); *see also* 9 *Collier on Bankruptcy* ¶ 9006.07 (Lawrence P. King ed., 15th ed. 1995).

Rule 9006(d) provides in pertinent part:

(d) For Motions—Affidavits. A written motion other than one which may be heard ex parte, and notice of any hearing shall be served not later than five days before the time specified for such hearing, *unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application.*

Rule 9006(d) (emphasis added). Thus, Rule 9006(d) permits a party to file an ex parte motion to shorten the time for hearing "for cause shown." *Id.* "[B]ankruptcy courts should review *ex parte* motions to reduce the notice period carefully to be certain that there is, indeed, good cause for the handicap to the respondents and to the court's information-gathering capacity that is likely to result." *In re Hester,* 899 F.2d at 364 n. 3. We review the court's decision to reduce the

notice period under Rule 9006 for an abuse of discretion. *See Trustees of the Centennial State Carpenters Pension Trust Fund v. Centric Corp. (In re Centric Corp.),* 901 F.2d 1514, 1517 (10th Cir.), *cert. denied,* 498 U.S. 852, 111 S.Ct. 145, 112 L.Ed.2d 112 (1990). However, we review whether bankruptcy court proceedings violated a party's right to procedural due process de novo. *Langenkamp,* 897 F.2d at 1043.

 We conclude the Trustee filed its ex parte motion and the bankruptcy court entered the order shortening the time for hearing in compliance with Rule 9006. Pursuant to the "for cause shown" requirement of Rule 9006(d), the Trustee's ex parte motion set forth why the Trustee sought an expedited hearing by ex parte application. Specifically, the Trustee argued that "significant equity would evaporate from the estate and no longer be available for payment to creditors" if the property was liquidated at the December 16, 1993 foreclosure sale. The bankruptcy court found that the Trustee had established "good cause", granted the Trustee's ex parte motion, and entered an order shortening the time for hearing under Rule 9006(c)(1). Under these circumstances, we do not believe the bankruptcy court abused its discretion in granting the Trustee's ex parte motion to shorten the time for hearing on the Rule 60(b) and § 105 motions. Further, because the bankruptcy court entered the ex parte order in compliance with Rule 9006, we reject State Bank's allegation that the bankruptcy court deprived it of its right to procedural due process by entering the order without prior notice.

### III.

In sum, we hold the district court did not err in affirming the bankruptcy court's order vacating its order lifting the automatic stay. We therefore AFFIRM the district court and REMAND to the district court with instructions to amend its October 14, 1993 order.[13]

KELLY, Jr., Circuit Judge, dissenting.

The Court holds that ten months after being lifted for cause an automatic stay may be reimposed without an adversary proceeding, relying on Bankr.R. 9024 and Fed. R.Civ.P. 60(b). For the reasons set forth below, I respectfully dissent.

11 U.S.C. § 105(a) permits a bankruptcy court to reimpose or issue a new stay that has otherwise lapsed or been terminated. 2 *Collier On Bankruptcy* ¶¶ 105.03–.04 (Lawrence P. King ed., 15th ed. 1995); *see also In re Wedgewood Realty Group, Ltd.,* 878 F.2d 693, 701 (3d Cir.1989); *In re Martin Exploration Co.,* 731 F.2d 1210, 1214 (5th Cir. 1984). The reimposition or issuance of a new stay under § 105 is considered injunctive relief and therefore requires the filing of an adversary proceeding including the giving of notice to affected parties. 2 *Collier On Bankruptcy* ¶¶ 105.03–.04; *see also In re Wedgewood,* 878 F.2d at 700; *In re Martin Exploration,* 731 F.2d at 1214; *In re Stacy,* 167 B.R. 243, 247–48 (N.D.Ala.1994); *Spagnol Enters. v. Atlantic Fin. Fed. Sav. Ass'n,* 33 B.R. 129, 131 (W.D.Pa.1983).

Fed.R.Civ.P. 60(b)(6) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). Bankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders pursuant to Rule 60(b). *In re Lenox,* 902 F.2d 737, 739–40 (9th Cir.1990). To successfully invoke Rule 60(b), a party must demonstrate that relief is warranted under one of six enumerated provisions. *See* Fed.R.Civ.P. 60(b)(1)–(6). Of primary importance to this case, Rule 60(b)(6) " 'gives the court a grand reservoir of equitable power to do justice in a particular case,' " *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729 (10th Cir.1993) (quoting *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir.1975), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976)) (additional internal quotation marks omitted); however, relief should not be granted pursuant to Rule 60(b)(6) unless the movant shows exceptional or extraordinary circumstances, *Johnston v. Cigna Corp.,* 14 F.3d 486, 497 (10th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 1792, 131 L.Ed.2d 720

**13.** *See supra* note 3.

(1995); *In re Durkalec*, 21 B.R. 618, 620 (Bankr.E.D.Pa.1982), and the relief sought is not premised upon one of the grounds in Rule 60(b)(1)–(5), *Lyons*, 994 F.2d at 729. Relief under Rule 60(b) is not *per se* injunctive and, unlike the reimposition of the automatic stay pursuant to 11 U.S.C. § 105, does not automatically or necessarily require an adversary proceeding pursuant to Bankruptcy Rule 7001(7). *See, e.g., In re Lenox*, 902 F.2d at 740 ("FRCP 60(b) provides that a court may relieve a party from a final order upon *motion* ").

The Court characterizes State Bank as arguing that "the plain language of Rules 7001(7), 9024, and 60(b) required the Trustee to *pursue Rule 60(b) relief* by filing an adversary proceeding and not by motion." Ct.Op. at 12 (emphasis added). The Court's characterization is inaccurate. In its brief, State Bank asserts that the Trustee's requested relief constituted injunctive relief, *not* Rule 60(b) relief, and "should not have [been] made by motion but through the filing of an adversary proceeding in accordance with Fed.R.Bankr.P. 7001(7)." Aplt.Br. at 34. Its characterization of the Trustee's requested relief as Rule 60(b) relief leads the Court to the apparent conclusion that such relief may be granted by motion without an adversary proceeding. Merely because the Trustee sought relief under Rule 60(b), Ct.Op. at 13 n. 5, does not obviate the need to address State Bank's argument that the procedure was wholly inadequate given the statutory scheme governing reimposition of the automatic stay.

The bankruptcy court had lifted the automatic stay to enable State Bank to foreclose its lien against the debtors' property. Aplt. App. 0341, 0491–92. Ten months later, by granting the Trustee's motion to reimpose the automatic stay, the bankruptcy court prevented State Bank from foreclosing its lien against property held by the Trustee. State Bank vehemently argues that this relief, granted by the bankruptcy court pursuant to Rule 60(b), rather than 11 U.S.C. § 105, constitutes injunctive relief requiring an adversary proceeding in accordance with Bankruptcy Rule 7001(7). Aplt.Br. at 33–35. The weight of authority supports State Bank be-cause the Trustee plainly was seeking injunctive relief, specifically, to impose a stay, under the guise of a Rule 60(b) motion seeking vacation of the order granting relief from the automatic stay. *See, e.g., In re Wedgewood*, 878 F.2d at 700–701 (reimposition of the automatic stay under § 105 constitutes injunctive relief requiring adherence to adversarial procedures, such as providing notice); *In re Voron*, 157 B.R. 251, 252–53 (Bankr.E.D.Va. 1993) (any request to reimpose the automatic stay constitutes injunctive relief that must be brought by way of an adversary proceeding pursuant to § 105 and Bankruptcy Rule 7001(7)); *In re Parker*, 154 B.R. 240, 243 (Bankr.S.D.Ohio 1993) (debtor's motion to reimpose automatic stay pursuant to section 105 constituted request for injunctive relief requiring adversary proceeding pursuant to Bankruptcy Rule 7001(7)). Given the gravity of reimposing an automatic stay, and its potential to play havoc with the orderly liquidation of the bankruptcy estate and creditors' rights, an end run around 11 U.S.C. § 105(a) should not be permitted.

According to the Court, the "exceptional circumstances" of this case, namely the conversion of the case from Chapter 11 to a Chapter 7, the increase in the property value, and the disparate appraisals of the property, justify relief under Rule 60(b)(6). As a matter of law, these factors alone do not constitute the "exceptional circumstances" necessary for successful invocation of Rule 60(b)(6). For example, the normal rule is that not even a change in the law constitutes an extraordinary circumstance which would allow relief under Rule 60(b)(6). *Pierce*, 518 F.2d at 723. Because the district court did not assess these circumstances against the very high threshold required for Rule 60(b)(6) relief, it abused its discretion. *Lyons*, 994 F.2d at 727 (district court necessarily abuses its discretion if it bases its conclusion on an erroneous view of the law). The factors relied upon are the unexceptional, ordinary occurrences encountered in the normal course of bankruptcy litigation. The parties often disagree about valuation of the debtor's property, a failed reorganization often is converted to a straight liquidation without substantively impacting the procedure, *see, e.g., In re M & L Business Mach.*

*Co.,* 75 F.3d 586 (10th Cir.1996) (conversion of bankruptcy proceeding from Chapter 11 to Chapter 7 does not even toll the two-year statute of limitations for avoidance actions), and creditors' claims usually exceed the value of a debtor's property. These are not "exceptional circumstances." *See, e.g., In re Durkalec,* 21 B.R. at 620 (prior to sheriff's sale, debtor's finding of employment and submission of viable repayment plan that would make creditor whole constituted "exceptional circumstances" justifying relief from order granting creditor relief from stay).

Furthermore, the Court's conclusion that, ten months after termination an injunction may be reimposed under the guise of a Rule 60(b)(6) motion eclipses § 105(a), which requires an adversary proceeding. *In re Wedgewood,* 878 F.2d at 700–701; *In re Twenver,* 149 B.R. 950, 953 (D.Colo.1993). The result will be the evasion of § 105(a). No party would seek injunctive relief by filing an adversary proceeding under § 105—the more difficult, expensive route—if allowed to achieve exactly the same relief by simply filing a motion under Rule 60(b)(6).

Finally, the Court's evisceration of § 105, in the absence of truly exceptional circumstances which would justify invocation of Rule 60(b)(6), seems to contravene at least the spirit of the Supreme Court's recent decision in *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* —— U.S. ——, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995), which held that " 'when two statutes are capable of coexistence . . . it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.' " —— U.S. at ——, 115 S.Ct. at 2326 (quoting *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974)). The Court's opinion fails to do this.