**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

CONRAD J. BRAUN,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN; ROBERT
T. STEPHAN,

      Respondents-Appellees.

No. 98-3092
(D. Kan.)
(D.Ct. No. 93-3256-GTV)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Braun, a pro se litigant, is appealing the denial of his motion to reconsider. We deny Mr. Braun a certificate of probable cause and dismiss the appeal.

In 1993, Mr. Braun filed his pro se 28 U.S.C. § 2254 habeas action. He challenged a parole condition restricting him from contact with his ex-wife and sons, rather than attacking his underlying conviction. Following Appellees' responses, Mr. Braun filed a motion to dismiss his petition without prejudice. The district court granted his motion stating in part:

> The court concludes that dismissing plaintiff's case will not unfairly prejudice defendants. Defendants have put relatively little time and effort into this case. Although this case has haunted the court for almost three years, defendants have filed only three substantive documents. Furthermore, in their response to plaintiff's motion to dismiss, defendants provided the court with no evidence or suggestion that they would face unfair prejudice upon dismissal of the case.

Mr. Braun then filed a motion asking the court to rule on the merits "in the above titled action." The district court treated this as a motion to alter or amend the judgment of dismissal without prejudice and denied the motion. In denying this motion, the trial court stated, in part:

> Plaintiff has offered no reason for the court to alter [or] amend its judgment. The court has reviewed both plaintiff's motion to dismiss without prejudice and the court's March 12, 1998 order and finds no manifest errors of law or fact. Furthermore, plaintiff does

not provide any newly discovered facts that the court should consider.

Mr. Braun now appeals the denial of his motion arguing:

1.  An order procedurally barred by Rule 41 necessarily constitutes a manifest error of law.  Failure to alter or correct judgment pursuant to Rule 59(e) or Rule 60 (b) constitutes an abuse of discretion.

2.  A prisoner cannot induce or invite an error that is procedurally barred.  Courts are to protect constitutional rights.

3.  The legal principle of finality of judgment bars dismissal without prejudice.

The district court properly treated Mr. Braun's motion as a Fed. R. Civ. P. 60(b) motion as Mr. Braun requested relief from the very Order of Dismissal he previously requested and the district court granted.  We usually review a district court's decision to grant or deny a Rule 60(b) motion for abuse of discretion.  *See State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996).  It should also be kept in mind that an appeal from a denial of a Rule 60(b) motion normally raises for review only the district court's order of denial and not the underlying judgment itself.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

Mr. Braun fails to make a substantial showing of the denial of an important

federal right, warranting a certificate of probable cause. *See Smith*, 50 F.3d at 821 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). We therefore dismiss the appeal.

Were we to reach the merits of this case, we would be unable to conclude the district court abused its discretion in granting Mr. Braun's own motion to dismiss his complaint without prejudice, and we would necessarily affirm for substantially the same reasons set forth in the district court's Order granting Mr. Braun's motion to dismiss without prejudice entered March 13, 1998, and in its Order denying his motion to render judgment on the merits entered April 23, 1998. Copies of both orders are attached hereto.

Mr. Braun has also filed herein a motion entitled "Motion for Court to Order Bureau of Prisons to Release Prisoner From Segregated or Disciplinary Custody, Provide Adequate Access to Law Library to Address Imminent Court Pleadings, and Provide Postage and Copies as was Policy and Custom Before Retaliatory Transfer to FCI - Texarkana." We quote in part from this motion, simply to show the allegations mentioned therein arose after this appeal was filed. Mr. Braun alleges in his motion, in relevant part:

> On June 19, 1998 the prisoner was arrested by BOP at the law library while attempting to prepare for the above titled habeas case

-4-

98-3092, a five-year old case that is also central to this prisoner's $1 billion interference with administration of justice claim in federal court and retaliation claim case no. 98-6180.

We decline to accept jurisdiction of this matter as the issues raised were not presented to the district court and we therefore deny this motion. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).

The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

Attachments not available electronically.