**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  DONALD TROY STAKER;
KERRY LEE STAKER,

Debtors.

_____

DONALD TROY STAKER;
KERRY LEE STAKER,

Appellants,

v.

GARY E. JUBBER, Chapter 7 Trustee;
WELLS FARGO BANK, N.A., d/b/a
America's Servicing Company, on behalf
of US Bank NA, Trustee for Citigroup
Mortgage Loan Trust, Mortgage
Pass-Through Cert. 2005-8; U.S. BANK
NATIONAL ASSOCIATION, as Trustee
for Citigroup Mortgage Loan Trust, Inc.,
Mortgage Pass-Through Certificates,
Series 2005-8; DEUTSCHE BANK
NATIONAL TRUST COMPANY,
Trustee for HSI Asset Loan Oblig. Trust
2006-2, Certs. 2006-2,

Appellees.

Nos. 12-4209 & 12-4210
(BAP Nos. 12-072-UT & 12-073-UT)
(BAP)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

(continued)

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

After Donald and Kerry Staker filed for Chapter 7 bankruptcy protection, appellee Wells Fargo Bank, N.A., filed two proofs of claim on behalf of appellees U.S. Bank National Association and Deutsche Bank National Trust Company (together, the Banks). The claims were based on mortgage notes the Banks held that were secured by deeds of trust on real property the Stakers owned. The Stakers filed objections to the claims as contested matters on a number of grounds, including that they had obtained default judgments in state court against the Banks' predecessors in interest that nullified the deeds of trust. The Stakers requested that the bankruptcy court treat the claims as unsecured claims, as they had scheduled them. After a hearing, the bankruptcy court overruled the objections without prejudice, reasoning that the objections were procedurally improper because they challenged the Banks' secured status and therefore the Stakers had to bring their challenge in adversary proceedings under Federal Rule of Bankruptcy Procedure 7001.

In two materially identical orders, the United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP) affirmed the bankruptcy court's orders. The BAP relied on Federal Rule of Bankruptcy Procedure 3007(b), which provides: "A party

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Rule 7001 lists the types of adversary proceedings, which include "a proceeding to determine the validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2).[1] The BAP held that the Stakers had to pursue their objections to the Banks' claims in adversary proceedings and not as contested matters because their objections involved whether the Banks were secured or unsecured creditors and disputed the Banks' liens. These appeals followed, and we have consolidated them for disposition.

"Although this is an appeal from a BAP decision, we independently review the decision of the bankruptcy court." *Redmond v. Lentz & Clark, P.A. (In re Wagers)*, 514 F.3d 1021, 1022 (10th Cir. 2007). Whether relief must be sought in an adversary proceeding is a "legal issue[] reviewed de novo." *Standard Indus., Inc. v. Aquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246 (10th Cir. 2010). Because the Stakers proceed pro se, we afford their filings a liberal construction, but we do not act as their advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

"The Federal Rules of Bankruptcy Procedure distinguish between adversary proceedings and contested matters." *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1077 (10th Cir. 1996). "In general, a party who brings an

---

[1]     Rule 7001(2) excepts "proceeding[s] under Rule 4003(d)" from its list of adversary proceedings, but the Stakers do not suggest that their objections involved a proceeding under that rule.

action designated as an adversary proceeding under Rule 7001 must file a complaint with the bankruptcy court, and serve the adverse party with a summons and a copy of the complaint." *Id.* "In contrast, in a contested matter, 'relief shall be requested by motion.'" *Id.* (quoting Fed. R. Bankr. P. 9014(a)).

It is abundantly clear that the Stakers' objections to the secured status of the Banks' claims were demands for relief specified in Rule 7001(2) because the Stakers challenged the validity of the Banks' secured interests in their properties. *See Halverson v. Estate of Cameron (In re Mathiason)*, 16 F.3d 234, 236, 238 (8th Cir. 1994) (holding that objections to a claim became an adversary proceeding under prior version of Rule 3007 when Chapter 7 trustee requested a determination whether the claim was secured or unsecured). Rule 3007(b) prohibits the inclusion of that type of demand for relief in an objection but permits it in an adversary proceeding. Hence, the Stakers were required to pursue relief in an adversary proceeding rather than as a contested matter.[2]

The Stakers' arguments do not persuade us otherwise. They first contend that the state-court proceedings provided adequate due-process protection to the Banks' predecessors in interest on the notes and deeds of trust. However, the original

---

[2] Appellees contend that the Stakers lacked standing to file their objections because a trustee had been appointed and therefore the Stakers were not a party in interest under 11 U.S.C. § 502(a). But this is a matter of statutory standing, so we need not (and decline to) address it because the Stakers lose on the merits. *See Carolina Cas. Ins. Co. v. Pinnacol Assurance*, 425 F.3d 921, 926 (10th Cir. 2005) (stating that "statutory standing need not be addressed if the court determines that the plaintiff loses on the merits anyway").

lenders' due process rights are not relevant to whether the Stakers' objections to the validity of the Banks' proofs of claim required adversary proceedings under the bankruptcy rules. Rule 3007(b) references an adversary proceeding specified in Rule 7001, which means an adversary proceeding in the bankruptcy court, not an adversarial state-court proceeding. *See United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010) (stating that the term "'adversary proceeding' . . . refers to proceedings to resolve claims within the overall bankruptcy case"); *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 726 n.1 (4th Cir. 2006) ("'Adversary proceeding' is a term of art used in bankruptcy practice for a lawsuit brought within a bankruptcy proceeding for one or more of the reasons specified in Bankruptcy Rule 7001.").

The Stakers further contend that an objection hearing satisfies due process concerns, but this overlooks the plain language of Rules 3007 and 7001, which call for an adversary proceeding to challenge the validity of an interest in property and expressly prohibit including such challenges in an objection to a claim.

We discern three other relevant arguments, each premised on the existence of the state-court default judgments: (1) that an adversary proceeding is unnecessary when there has been a prior judicial determination that there is no secured claim, (2) that the bankruptcy court should have given full faith and credit to the default judgments, and (3) that the *Rooker-Feldman* doctrine precludes conversion of their

objections to an adversary proceeding.[3]  These arguments are moot in view of the fact, as evidenced in appellees' supplemental appendix, that the state-court default judgments upon which they depend have since been vacated with prejudice after appellees moved for vacatur.  *See Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (explaining that a controversy can become moot due to a change of circumstances that makes it impossible to confer any conclusive relief).

The remainder of the Stakers' arguments concern the merits of their objections to the proofs of claim, which are not properly before us.

The judgments of the Bankruptcy Appellate Panel are affirmed.


Entered for the Court


John C. Porfilio
Senior Circuit Judge

---

[3]     The *Rooker-Feldman* doctrine prohibits "state-court losers" from bringing suit in federal court "complaining of injuries caused by state court judgments rendered before [federal] district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).